**Donald E. Godwin**
Texas State Bar No. 08056500
GODWIN | BOWMAN  PC
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
Ph: 214.939.4412
Fax: 214.527.3112
DGodwin@GodwinBowman.com

*Attorney for Defendants*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| FEDERAL TRADE COMMISSION, and | CASE NO.: 4:21-CV-00518-KGB |
| STATE OF ARKANSAS, *ex rel.* LESHONDA RUTLEDGE, ATTORNEY GENERAL | |
| Plaintiffs, | |
| vs. | **DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE** |
| BINT OPERATIONS LLC, a limited liability company, | |
| LASHONDA MOORE, individually and as an officer of BINT OPERATIONS LLC, and | |
| MARLON DEANDRE MOORE, formerly known as MARLON DEANDRE MAIDEN, individually and as an officer of BINT OPERATIONS LLC | |
| Defendants. | |

COMES NOW, Defendants BINT Operations LLC ("BINT"), LaShonda Moore, and

Marlon Deandre Moore (collectively, "Defendants") who file this Motion to Dismiss for Lack of

Personal Jurisdiction and Improper Venue, or, in the Alternative, Motion to Transfer Venue

pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 1404 and 1406 and would respectfully show the Court as follows:

## I.      INTRODUCTION

1.      This Court should dismiss Plaintiffs' case against Defendants because this Court lacks personal jurisdiction over Defendants and Plaintiffs filed this case in an improper venue. In the alternative, this Court should transfer this case to the United States District Court for the Eastern District of Texas.

## II.      MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

2.      Federal Rule of Civil Procedure 12(b)(2) requires dismissal of an action when the court lacks personal jurisdiction over the defendant. *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070 (8th Cir. 2004).

3.      This Court's exercise of personal jurisdiction over Defendants will violate due process because (1) Defendants do not have minimum contacts with Arkansas and (2) maintaining this suit in Arkansas will offend traditional notions of fair play and substantial justice. *Doshier v. Twitter, Inc.*, 417 F. Supp. 3d 1171, 1174 (E.D. Ark. 2019).

4.      This Motion to Dismiss should be granted because Plaintiffs have not pled any jurisdictional facts that would support this Court's exercise of personal jurisdiction over Defendants. *See* Compl. ¶¶ 5-7 & 10-12. To the contrary, and as more fully set forth in the attached Declarations and Memorandum in Support of this Motion to Dismiss, this Honorable Court lacks personal jurisdiction over Defendants and moves for dismissal of Plaintiffs' claims and causes of action because: (1) Defendants are not domiciled in Arkansas; (2) Defendants' residence and/or primary principal place of business is in Texas; (3) BINT is a Texas limited liability company; (4) Defendants do not have an office or solicit any business in Arkansas; (5) Defendants do not own any property or hold any bank accounts or other assets in Arkansas; (6)

Defendants do not have any employees in Arkansas; (7) Defendants do not have an Arkansas telephone number; (8) BINT is not registered to do business in Arkansas and does not maintain a registered agent for service in Arkansas; (9) the alleged activities giving rise to this action did not take place in and were not directed at Arkansas; (10) Defendants have not traveled to Arkansas for any purported business purpose at issue before this Court; and (11) exercising jurisdiction over Defendants would offend traditional notions of fair play and substantial justice. *See* Decls. of LaShonda Moore, Marlon Moore, and BINT Operations, LLC, attached as Exhibits A, B, and C.

### III.    MOTION TO DISMISS FOR IMPROPER VENUE

5.       Federal Rule of Civil Procedure 12(b)(3) requires dismissal of an action when venue is improper.

6.       To determine whether venue is proper in Arkansas, the general venue statute in 28 U.S.C. § 1391 controls.  It states a civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. *See* 28 U.S.C. § 1391(b).

7.       The Eastern District of Arkansas is clearly not the proper venue for this action.

8.       Defendants do not reside in Arkansas, all Defendants are residents of Texas, and no substantial part of the events or omissions giving rise to the claim occurred in Arkansas. *See* Decls. of LaShonda Moore and Marlon Moore at ¶ 3-4 and BINT Operations, LLC at ¶ 3.

9.      Moreover, venue is proper where Defendants are subject to the court's personal jurisdiction. As discussed above, Defendants are not subject to personal jurisdiction in the Eastern District of Arkansas, but are residents of the Eastern District of Texas. As a result, venue is improper in the Eastern District of Arkansas.

### IV.      MOTION TO TRANSFER VENUE

10.      In the alternative, Defendants file this Motion to Transfer Venue pursuant to 28 U.S.C. § 1404.

11.      Due to this Court's lack of personal jurisdiction, this case should be dismissed. However, the Court may choose to transfer this case to the United States District Court for the Eastern District of Texas.

12.      Venue is proper in the United States District Court for the Eastern District of Texas because all three Defendants reside within the District.  *See* Decls. of LaShonda Moore and Marlon Moore at ¶ 3-4 and BINT Operations, LLC at ¶ 3.  Venue is further proper in the United States District Court for the Eastern District of Texas because all, or substantially all, of the events or omissions giving rise to the claim occurred there.

### V.      MEMORANDUM IN SUPPORT

13.      In support of their Motions, Defendants submit the accompanied Memorandum in Support of their Motions along with the following supporting documentation:

>       Exhibit A – Declaration of LaShonda Moore

>       Exhibit B – Declaration of Marlon Moore

>       Exhibit C – Declaration of BINT Operations, LLC

### VI.      <u>PRAYER</u>

WHEREFORE, Defendants respectfully request this Court grant their Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or in the alternative, grant their Motion to

Transfer Venue by transferring the above-captioned lawsuit to the United States District Court for the Eastern District of Texas.

Respectfully submitted,

GODWIN | BOWMAN  PC

**Donald E. Godwin**  (*Admitted*)
Texas State Bar No. 08056500
DGodwin@GodwinBowman.com
**Stefanie M. McGregor**  (*Admitted*)
Texas State Bar No. 24037019
SMcGregor@GodwinBowman.com
**Kristin M. Burns**  (*Admitted*)
Texas State Bar No. 24102934
KBurns@GodwinBowman.com

1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
Ph:     214.939.4412
Fax:    214.527.3112

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on or about the 4th day of August, 2021, a true and correct copy of the above and foregoing pleading was electronically filed with the Clerk of the Court by using CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification.

Donald E. Godwin

# EXHIBIT A

**Donald E. Godwin**
Texas State Bar No. 08056500
GODWIN BOWMAN, P.C.
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
Ph: 214.939.4412
Fax: 214.527.3112
DGodwin@GodwinBowman.com

*Attorney for Defendants*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| FEDERAL TRADE COMMISSION, and | CASE NO.: 4:21-CV-00518-KGB |
| STATE OF ARKANSAS, *ex rel.* LESLIE RUTLEDGE, ATTORNEY GENERAL | |
| Plaintiffs, | **DEFENDANT LA'SHONDA MOORE'S DECLARATION IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE** |
| vs. | |
| BINT OPERATIONS LLC, a limited liability company, | |
| LASHONDA MOORE, individually and as an officer of BINT OPERATIONS LLC, and | |
| MARLON DEANDRE MOORE, formerly known as MARLON DEANDRE MAIDEN, individually and as an officer of BINT OPERATIONS LLC | |
| Defendants. | |

| | |
|---|---|
| **THE STATE OF TEXAS** | § |
| | § |
| **COUNTY OF DENTON** | § |

**DECLARATION OF LA'SHONDA MOORE**                                              **Page 1**

1.      I, La'Shonda Moore, make this declaration in support of Defendants' Motion to Dismiss the Federal Trade Commission and State of Arkansas' ("Plaintiffs") complaint (the "Complaint") for Lack of Personal Jurisdiction and Improper Venue, or, in the Alternative, Motion to Transfer Venue (the "Motion"). I am making this declaration for the sole and limited purpose of challenging the jurisdiction of the United States District Court in the Eastern District of Arkansas. This declaration is not intended to be a waiver of any privilege or affirmative defense, including, but not limited to, the right against self-incrimination protected by the Fifth Amendment to the United States Constitution.

2.      The following facts are within my personal knowledge and, if called as a witness herein, I am able to competently testify thereto.

3.      I am, and at all times relevant to this matter was, a citizen of the State of Texas. My domicile is in Frisco, Denton County, Texas.

4.      I currently reside in Frisco, Denton County, Texas.  From August 16, 2019, to July of 2021 I lived in Prosper, Denton County, Texas, and prior to that I lived in Plano, Collin County, Texas. I have not lived in the State of Arkansas since September 2014.

5.      BINT Operations, LLC, d/b/a Blessings In No Time ("BINT") is a Texas Limited Liability Company formed in 2020. Its principal place of business was located in Prosper, Denton County, Texas. I was a Managing Member of BINT at all times relevant to this matter.

6.      I have never personally, or in my capacity as a Managing Member of BINT, had an office in the State of Arkansas.

7.      I have never personally, or in my capacity as a Managing Member of BINT, solicited business in the State of Arkansas.

**DECLARATION OF LA'SHONDA MOORE**                                                                         **Page 2**

8.      I have never personally, or in my capacity as a Managing Member of BINT, owned any property or other assets in the State of Arkansas.

9.      I have never personally, or in my capacity as a Managing Member of BINT, held any personal or business bank accounts in the State of Arkansas.

10.     I have never personally, or in my capacity as a Managing Member of BINT, employed any employees in the State of Arkansas.

11.     I do not personally, or in my capacity as a Managing Member of BINT, have a telephone number from the State of Arkansas.

12.     BINT is not registered to do business in the State of Arkansas and does not maintain a registered agent for service in the State of Arkansas.

13.     None of the activities alleged by Plaintiffs giving rise to the Complaint took place in, or were directed at, the State of Arkansas. This acknowledgement is not intended to be an admission to any conduct alleged in the Complaint and I hereby reserve the right to deny any and all of Plaintiffs' allegations.

14.     I did not travel to the State of Arkansas, in either my individual capacity or capacity as Managing Member of BINT, at any time relevant to this matter for any purported business purpose related to this matter.

I declare under penalty of perjury under the laws of the State of Texas and the United States of America that the foregoing is true and correct.

Executed this 4th day of August, 2021, in Frisco, Denton County, Texas.

LA'SHONDA MOORE

**DECLARATION OF LA'SHONDA MOORE**                                      Page 3

# EXHIBIT B

**Donald E. Godwin**
Texas State Bar No. 08056500
GODWIN BOWMAN, P.C.
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
Ph: 214.939.4412
Fax: 214.527.3112
DGodwin@GodwinBowman.com

*Attorney for Defendants*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| FEDERAL TRADE COMMISSION, and<br><br>STATE OF ARKANSAS, *ex rel.*<br>LESLIE RUTLEDGE,<br>ATTORNEY GENERAL<br><br>               Plaintiffs,<br><br>vs.<br><br>BINT OPERATIONS LLC, a limited liability company,<br><br>LASHONDA MOORE, individually and as an officer of BINT OPERATIONS LLC, and<br><br>MARLON DEANDRE MOORE, formerly known as MARLON DEANDRE MAIDEN, individually and as an officer of BINT OPERATIONS LLC<br><br>               Defendants. | CASE NO.: 4:21-CV-00518-KGB<br><br><br><br>**DEFENDANT MARLON DEANDRE MOORE'S DECLARATION IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE** |

| | |
|---|---|
| **THE STATE OF TEXAS** | § |
| | § |
| **COUNTY OF DENTON** | § |

**DECLARATION OF MARLON DEANDRE MOORE**                 **Page 1**

1.      I, Marlon Moore, make this declaration in support of Defendants' Motion to Dismiss the Federal Trade Commission and State of Arkansas' ("Plaintiffs") complaint (the "Complaint") for Lack of Personal Jurisdiction and Improper Venue, or, in the Alternative, Motion to Transfer Venue (the "Motion"). I am making this declaration for the sole and limited purpose of challenging the jurisdiction of the United States District Court in the Eastern District of Arkansas. This declaration is not intended to be a waiver of any privilege or affirmative defense, including, but not limited to, the right against self-incrimination protected by the Fifth Amendment to the United States Constitution.

2.      The following facts are within my personal knowledge and, if called as a witness herein, I am able to competently testify thereto.

3.      I am, and at all times relevant to this matter was, a citizen of the State of Texas. My domicile is in Frisco, Denton County, Texas.

4.      I am currently a resident of Frisco, Denton County, Texas.  From August 16, 2019, to July of 2021 I lived in Prosper, Denton County, Texas, and prior to that I lived in Plano, Collin County, Texas. I have never lived in the State of Arkansas.

5.      BINT Operations, LLC, d/b/a Blessings In No Time ("BINT") is a Texas Limited Liability Company formed in 2020. Its principal place of business was located in Prosper, Denton County, Texas. I was a Managing Member of BINT at all times relevant to this matter.

6.      I have never personally, or in my capacity as a Managing Member of BINT, had an office in the State of Arkansas.

7.      I have never personally, or in my capacity as a Managing Member of BINT, solicited business in the State of Arkansas.

8.      I have never personally, or in my capacity as a Managing Member of BINT, owned any property or other assets in the State of Arkansas.

9.      I have never personally, or in my capacity as a Managing Member of BINT, held any personal or business bank accounts in the State of Arkansas.

10.     I have never personally, or in my capacity as a Managing Member of BINT, employed any employees in the State of Arkansas.

11.     I have never personally, or in my capacity as a Managing Member of BINT, had a telephone number from the State of Arkansas.

12.     BINT is not registered to do business in the State of Arkansas and does not maintain a registered agent for service in the State of Arkansas.

13.     None of the activities alleged by Plaintiffs giving rise to the Complaint took place in, or were directed at, the State of Arkansas. This acknowledgement is not intended to be an admission to any conduct alleged in the Complaint and I hereby reserve the right to deny any and all of Plaintiffs' allegations.

14.     I did not travel to the State of Arkansas, in either my individual capacity or capacity as Managing Member of BINT, at any time relevant to this matter for any purported business purpose related to this matter.

I declare under penalty of perjury under the laws of the State of Texas and the United States of America that the foregoing is true and correct.

Executed this 4th day of August, 2021, in Frisco, Denton County, Texas.

MARLON DEANDRE MOORE

# EXHIBIT C

**Donald E. Godwin**
Texas State Bar No. 08056500
GODWIN BOWMAN, P.C.
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
Ph: 214.939.4412
Fax: 214.527.3112
DGodwin@GodwinBowman.com

*Attorney for Defendants*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| FEDERAL TRADE COMMISSION, and<br><br>STATE OF ARKANSAS, *ex rel.*<br>LESLIE RUTLEDGE,<br>ATTORNEY GENERAL<br><br>               Plaintiffs,<br><br>vs.<br><br>BINT OPERATIONS LLC, a limited liability company,<br><br>LASHONDA MOORE, individually and as an officer of BINT OPERATIONS LLC, and<br><br>MARLON DEANDRE MOORE, formerly known as MARLON DEANDRE MAIDEN, individually and as an officer of BINT OPERATIONS LLC<br><br>               Defendants. | CASE NO.: 4:21-CV-00518-KGB<br><br><br><br>**DEFENDANT BINT OPERATIONS, LLC'S DECLARATION IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE** |

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF DENTON | § |

**DECLARATION OF BINT OPERATIONS, LLC**                                         Page 1

1.     I, La'Shonda Moore, in my representative capacity for BINT Operations, LLC, d/b/a Blessings in No Time ("BINT") make this declaration on behalf of BINT and in support of Defendants' Motion to Dismiss the Federal Trade Commission and State of Arkansas' ("Plaintiffs") complaint (the "Complaint") for Lack of Personal Jurisdiction and Improper Venue, or, in the Alternative, Motion to Transfer Venue (the "Motion"). I am making this declaration for the sole and limited purpose of challenging the jurisdiction of the United States District Court in the Eastern District of Arkansas. This declaration is not intended to be a waiver of any privilege or affirmative defense, including, but not limited to, the right against self-incrimination protected by the Fifth Amendment to the United States Constitution.

2.     The following facts are within my personal knowledge and, if called as a witness herein, I am able to competently testify thereto.

3.     BINT Operations, LLC, d/b/a Blessings In No Time ("BINT") is a Texas Limited Liability Company formed in 2020. Its principal place of business was located in Prosper, Denton County, Texas. I was a Managing Member of BINT at all times relevant to this matter.

4.     BINT has never had an office in the State of Arkansas.

5.     BINT has never solicited business in the State of Arkansas.

6.     BINT has never owned any property or other assets in the State of Arkansas.

7.     BINT has never had any bank accounts in the State of Arkansas.

8.     BINT has never employed any employees in the State of Arkansas.

9.     BINT has never had a telephone number from the State of Arkansas.

10.     BINT is not registered to do business in the State of Arkansas and does not maintain a registered agent for service in the State of Arkansas.

**DECLARATION OF BINT OPERATIONS, LLC**                                                 **Page 2**

11.     None of the activities alleged by Plaintiffs giving rise to the Complaint took place in, or were directed at, the State of Arkansas. This acknowledgement is not intended to be an admission to any conduct alleged in the Complaint and I hereby reserve the right to deny any and all of Plaintiffs' allegations.

12.     No one traveled to the State of Arkansas on behalf of BINT at any time relevant to this matter for any purported business purpose related to this matter.

I declare under penalty of perjury under the laws of the State of Texas and the United States of America that the foregoing is true and correct.

Executed this 4th day of August, 2021, in Frisco, Denton County, Texas.

LA'SHONDA MOORE
MANAGING MEMBER, BINT
OPERATIONS LLC

**DECLARATION OF BINT OPERATIONS, LLC**                                   **Page 3**