**Donald E. Godwin**
Texas State Bar No. 08056500
GODWIN | BOWMAN PC
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
Ph: 214.939.4412
Fax: 214.527.3112
DGodwin@GodwinBowman.com

*Attorney for Defendants*

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| FEDERAL TRADE COMMISSION, and<br><br>STATE OF ARKANSAS, *ex rel.*<br>LESLIE RUTLEDGE,<br>ATTORNEY GENERAL<br><br>                Plaintiffs,<br><br>vs.<br><br>BINT OPERATIONS LLC, a limited liability company,<br><br>LASHONDA MOORE, individually and as an officer of BINT OPERATIONS LLC, and<br><br>MARLON DEANDRE MOORE, formerly known as MARLON DEANDRE MAIDEN, individually and as an officer of BINT OPERATIONS LLC<br><br>                Defendants. | CASE NO.: 4:21-CV-00518-KGB<br><br><br><br><br><br><br>**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE, OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE** |

       COME NOW, Defendants BINT Operations LLC ("BINT"), LaShonda Moore, and Marlon Deandre Moore (collectively, "Defendants") who file this Memorandum in Support of Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or, in the

Alternative, Motion to Transfer Venue pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 1404 and 1406 and would respectfully show the Court as follows:

## I. PROCEDURAL HISTORY

1. Plaintiffs filed the above-captioned complaint on June 16, 2021.

2. Defendants now move the court to dismiss the matter for lack of personal jurisdiction and improper venue. Alternatively, they move to transfer venue to the Eastern District of Texas.

## II. ARGUMENTS

**A. The Complaint Should Be Dismissed Pursuant to Rule 12(b)(2) Because Defendants Are Not Subject to Personal Jurisdiction in This Court.**

3. Federal Rule of Civil Procedure 12(b)(2) requires dismissal of an action when the court lacks personal jurisdiction over the defendant. *Dever v. Hentzen Coatings, Inc*., 380 F.3d 1070 (8th Cir. 2004). "To survive a 12(b)(2) motion to dismiss for lack of personal jurisdiction, 'a plaintiff must plead sufficient facts to support a reasonable inference that the defendant [] can be subjected to jurisdiction within the state.'" *Stringer v. Smith Transp., Inc*., No. 3:14-cv-00151-KGB, 2016 WL 1050269, at *1 (E.D. Ark. Mar. 16, 2016) (quoting *Creative Calling Sols., Inc. v. LF Beauty Ltd*., 799 F.3d 975, 979 (8th Cir. 2015)). In other words, a plaintiff must plead facts that show the defendant has certain minimum contacts with the state. *Id*. at *2; *see also Davis v. St. John's Health Sys., Inc*., 71 S.W.3d 55, 57 (Ark. 2002) ("If the complaint does not allege sufficient facts on which personal jurisdiction can rest, then the complaint is factually deficient. Mere conclusory statements devoid of a factual foundation do not suffice in this inquiry.").

4. A federal court may exercise jurisdiction over a non-resident defendant only to the extent permitted by the forum state's long-arm statute and the Due Process Clause of the Fourteenth Amendment. *Stringer*, 2016 WL 1050269, at *1 (citing *Bell Paper Box, Inc. v. U.S. Kids., Inc*., 22 F.3d 816, 818 (8th Cir. 1994)). Because the long-arm statute of Arkansas confers jurisdiction to the fullest constitutional extent, this Court's inquiry is limited to whether the exercise of personal jurisdiction comports with due process. *See Davis*, 71 S.W.3d at 58; *see also Bell Paper Box*, 22 F.3d at 818.

5. "Due process requires 'minimum contacts' between [a] non-resident defendant and the forum state such that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Burlington Indus., Inc. v. Maples Indus., Inc*., 97 F.3d 1100, 1102 (8th Cir. 1996) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980)); *BNSF Ry. v. Tyrrell*, 137 S. Ct. 1549 (2017). "A defendant's contacts with the forum must arise because the defendant has 'purposefully availed' itself of the privilege of conducting activities in the state," thus invoking the benefits and protections of its laws. *Pangaea, Inc. v. Flying Burrito LLC*, 647 F.3d 741, 745 (8th Cir. 2011); *see also Creative Calling,* 799 F.3d at 980.

6. "The minimum contacts necessary for due process may be the basis for either 'general' or 'specific' jurisdiction." *Pangaea*, 647 F.3d at 745. For general jurisdiction, a defendant must have "continuous and systematic" contacts with the forum state, "as to render [it] essentially at home in the forum state." *Creative Calling*, 799 F.3d at 979. Specific jurisdiction may only be established where the claim arises out of or relates to a defendant's contacts with the forum. *Pangaea*, 647 F.3d at 746. That is, whether the defendant engaged in activities in the forum that reveal an intent to invoke or benefit from the protection of its laws. *Id*. However,

"even where a party has minimum contacts with a forum, jurisdiction can still be unreasonable," as "[t]he Due Process Clause forbids the exercise of personal jurisdiction 'under circumstances that would offend "traditional notions of fair play and substantial justice."'" *Creative Calling*, 799 F.3d at 981-82.

7. When deciding personal jurisdiction, the court considers each defendant separately. *Pickron v. Tankinetics, Inc.*, No. 3:12-CV-03122, 2013 U.S. Dist. LEXIS 136447, at *12-13 (W.D. Ark. Sep. 24, 2013) (quoting *Keeton v. Hustler Magazine*, 465 U.S. 770, 781, n.13 (1984) (Noting that "jurisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him" and emphasizing, "[e]ach defendant's contacts with the forum State must be assessed individually")).

8. At the outset, Defendants' Motion to Dismiss should be granted because Plaintiffs have not pled any jurisdictional facts that would support this Court's exercise of personal jurisdiction over Defendants. *See* Compl. ¶¶ 5-7 & 10-12. In fact, there are no allegations in Plaintiffs' Complaint asserting personal jurisdiction, as the Complaint merely asserts "[t]his Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345," supplemental jurisdiction under 15 U.S.C. § 1367, and that "[v]enue is proper in this District under 28 U.S.C. § 1391(b)(2) and (d), and 15 U.S.C. § 53(b)." *See* Compl. ¶¶ 5-7. Moreover, Plaintiffs' Complaint fails to allege a single actual contact within the State of Arkansas by Defendants. *See* Compl. ¶¶ 14-53.

9. Moreover, this Court's exercise of personal jurisdiction over Defendants will violate due process because (1) Defendants do not have minimum contacts with Arkansas and (2) maintaining this suit in Arkansas will offend traditional notions of fair play and substantial justice. *Doshier v. Twitter, Inc.*, 417 F. Supp. 3d 1171, 1174 (E.D. Ark. 2019).

10. Defendants do not have minimum contacts with the State of Arkansas sufficient to give rise to personal jurisdiction because: (1) Defendants are not domiciled in Arkansas; (2) Defendants' residence and/or primary principal place of business is in Texas; (3) BINT is a Texas limited liability company; (4) Defendants do not have an office or solicit any business in Arkansas; (5) Defendants do not own any property or hold any bank accounts or other assets in Arkansas; (6) Defendants do not have any employees or representatives in Arkansas; (7) Defendants do not have an Arkansas telephone number; (8) BINT is not registered to do business in Arkansas and does not maintain a registered agent for service in Arkansas; (9) the alleged activities giving rise to this action did not take place in and were not directed at Arkansas; and (10) Defendants have not traveled to Arkansas for any purported business purpose at issue before this Court.  *See* Decls. of LaShonda Moore, Marlon Moore, and BINT Operations, LLC, attached to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or, in the Alternative, Motion to Transfer Venue as Exhibits A, B, and C.

11. Finally, even if the Court determines that each and every Defendant has minimum contacts with the State of Arkansas (which they do not), jurisdiction in this Court would be unreasonable, as it would offend traditional notions of fair play and substantial justice. *Burlington Indus.*, 97 F.3d at 1102.  This is because Defendants have not purposefully availed themselves of the protections of Arkansas law and there has been no showing of the purported nature, quality, or quantity of any alleged contact by Defendants within the State of Arkansas such that there can be no relation of the alleged contacts to the causes of action.  Moreover, Defendants will suffer an immense imbalance of convenience if they were subject to personal jurisdiction in Arkansas.

**B.   The Complaint Should Be Dismissed Pursuant to Rule 12(b)(2) Because Venue Is Improper.**

12. Federal Rule of Civil Procedure 12(b)(2) requires dismissal of an action where venue is improper. When venue is challenged, the plaintiff bears the burden of proving that venue is proper. *Doshier*, 417 F. Supp. 3d at 1174. In considering a motion to dismiss for improper venue, the court must construe the pleadings in the light most favorable to the nonmoving party, the facts alleged must be taken as true, and any ambiguities must be resolved in favor of the nonmoving party. *Id.*

13. To determine whether venue is proper in Arkansas, the general venue statute in 28 U.S.C. § 1391 controls, which states that a civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). The Eastern District of Arkansas is clearly not the proper venue for this action.

14. First, as evidenced by Plaintiffs' Complaint, BINT maintained its principal place of business in Prosper, Texas. *See* Compl. at ¶ 10. Plaintiffs' Complaint vaguely alleges that all Defendants transact business not only in the Eastern District of Arkansas, but "throughout the United States." *Id.* at ¶¶ 10-12. Notably, however, Plaintiffs' Complaint does not make any claims about where Defendants LaShonda and Marlon Moore (the "Moores") reside. *Id.* at ¶¶ 11-12. This is because the Moores reside in Frisco, Texas, which is located in the Eastern District of Texas. Because none of the Defendants reside in Arkansas, this District is not the proper venue based on the residences of the Defendants in the State of Texas.

15. Second, no substantial part of any events or omissions giving rise to the claims asserted occurred in Arkansas. Plaintiffs claim Defendants recruited individuals to membership in the program called "Blessings in No Time" or "BINT," which Plaintiffs allege was an illegal pyramid scheme operated through a website and online community led by Defendants. *Id*. at ¶¶ 4, 15, 18, 19, & 23. The implication by Plaintiffs is that some non-quantifiable portion of the activity generated by Defendants occurred in Arkansas. However, at no point in the Complaint do Plaintiffs substantiate as to any allegedly wrongful or relevant events or omissions Defendants engaged in related to this District. To the contrary, Plaintiffs' Complaint failed to identify a single Arkansas resident purportedly injured by any events or omissions that occurred in this District.

16. Plaintiffs must offer more than mere conclusory statements that any alleged acts or omissions giving rise to their claims occurred in the Eastern District of Arkansas. Their current justification is not enough to support venue here.

17. Third and finally, venue is proper where Defendants are subject to the court's personal jurisdiction. As discussed, Plaintiffs have not pled any jurisdictional facts that would support this Court's exercise of personal jurisdiction over Defendants. Defendants' purported operation of a website or online community is insufficient to confer jurisdiction. *See generally Doshier*. Because any exercise of personal jurisdiction over Defendants would violate due process, venue is improper in the Eastern District of Arkansas.

**C.    In the Alternative, this Case Should Be Transferred to the United States District Court for the Eastern District of Texas.**

18. In the event that the Court should determine a transfer to be in the interest of justice rather than a dismissal, this suit should be transferred to the United States District Court for the Eastern District of Texas based upon the residency of the Defendants. Pursuant to 28

U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The Court must consider the convenience of the parties, the convenience of the witnesses, and the interests of justice, among other factors, when determining whether to permit a transfer of venue. *Darchuk v. Kellwood Co.*, 715 F. Supp. 1438, 1439 (E.D. Ark. 1988).

19.     Plaintiffs filed their Complaint in the Eastern District of Arkansas on June 16, 2021, alleging jurisdiction and venue were proper in this District. As demonstrated above, however, jurisdiction and venue are not proper in this District because all Defendants reside within the Eastern District of Texas. Likewise, the majority of witnesses will be located in the Eastern District of Texas, the site of the alleged conduct is in the Eastern District of Texas, and any experts will likely be from Texas.

20.     For these reasons, the Eastern District of Texas is the more appropriate venue pursuant to 28 U.S.C. §§ 1391(b)(1) & 1404(a).

### III.     CONCLUSION

For the foregoing reasons, Defendants respectfully requests this Court grant their Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, or in the alternative, grant their Motion to Transfer Venue by transferring the above-captioned lawsuit to the United States District Court for the Eastern District of Texas.

Respectfully submitted,

**GODWIN | BOWMAN** PC

*/s/ Donald E. Godwin*

**Donald E. Godwin**
Texas State Bar No. 08056500
DGodwin@GodwinBowman.com
**Stefanie M. McGregor**
Texas State Bar No. 24037019
SMcGregor@GodwinBowman.com
**Kristin M. Burns**
Texas State Bar No. 24102934
KBurns@GodwinBowman.com

1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
Ph:   214.939.4412
Fax:  214.527.3112

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on or about the 4th day of August, 2021, a true and correct copy of the above and foregoing pleading was electronically filed with the Clerk of the Court by using CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification..

*/s/ Donald E. Godwin*

Donald E. Godwin