**Donald E. Godwin**
Texas State Bar No. 08056500
GODWIN | BOWMAN PC
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
Ph: 214.939.4412
Fax: 214.527.3112
DGodwin@GodwinBowman.com

*Attorney for Defendants*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, and<br><br>STATE OF ARKANSAS, *ex rel.*<br>LESLIE RUTLEDGE,<br>ATTORNEY GENERAL<br><br>      Plaintiffs,<br><br>vs.<br><br>BINT OPERATIONS LLC, a limited liability company,<br><br>LASHONDA MOORE, individually and as an officer of BINT OPERATIONS LLC, and<br><br>MARLON DEANDRE MOORE, formerly known as MARLON DEANDRE MAIDEN, individually and as an officer of BINT OPERATIONS LLC<br><br>      Defendants. | CASE NO.: 4:21-CV-00518-KGB<br><br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR PERMANENT INJUNCTION, MONETARY RELIEF, AND OTHER RELIEF** |

COMES NOW, Defendants BINT Operations LLC ("BINT"), LaShonda Moore, and Marlon Deandre Moore (collectively, "Defendants") who file this, Defendants' Answer to Plaintiffs' Complaint for Permanent Injunction, Monetary Relief, and Other Relief (the

**Page 1 of 10**

"Answer") pursuant to Rule 8 of the Federal Rules of Civil Procedure, subject to the undersigned counsel's and the law firm of Godwin Bowman PC's Motion for Leave to Withdraw as Counsel for Defendants (Dkt. No. 30) and the Court's continued consideration of Defendants' Motion to Extend the Time to Answer (Dkt. No. 33)[1] and would respectfully show the Court as follows:

## I.   ANSWER

1. The allegations set forth in Paragraph 1 of the Plaintiffs the Federal Trade Commission ("FTC") and the State of Arkansas' (collectively "Plaintiffs") Complaint for Permanent Injunction, Monetary Relief, and Other Relief (the "Complaint") constitute legal conclusions to which no response is required. To the extent that a response is required, Defendants deny those and all remaining allegations.

2. The allegations set forth in Paragraph 2 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Defendants deny those and all remaining allegations.

3. Defendants deny the allegations set forth in Paragraph 3 of the Complaint.

4. The allegations set forth in Paragraph 4 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, Defendants deny those and all remaining allegations.

5. The allegations set forth in Paragraph 5 of the Complaint constitute legal conclusions to which no response is required.

---

[1] Out of an abundance of caution, and despite having moved to withdraw as counsel and having filed a motion to extend the time by which to serve an answer to Plaintiffs' Complaint, the undersigned counsel is filing this Answer to protect the rights of Defendants' to defend themselves against the allegations made in the Complaint. The filing of the Answer in no way waives the requested relief sought in the outstanding motions before this Court (Dkt. No 30 and Dkt. No. 33) nor does it waive Defendants rights to amend or supplement this answer as deemed appropriate by its substituted counsel.

6. The allegations set forth in Paragraph 6 of the Complaint constitute legal conclusions to which no response is required.

7. The allegations set forth in Paragraph 7 of the Complaint constitute legal conclusions to which no response is required.

8. The allegations set forth in Paragraph 8 constitute legal conclusions to which no response is required.

9. The allegations set forth in Paragraph 9 constitute legal conclusions to which no response is required.

10. With respect to the allegations in Paragraph 10 of the Complaint, Defendants admit that BINT Operations LLC ("BINT") is a Texas limited liability company incorporated in August 2020 with its principal place of business located in Prosper, Texas, but deny the remaining allegations contained therein.

11. With respect to the allegations in Paragraph 11 of the Complaint, Defendants admit LaShonda Moore is a co-founder and Managing Member of BINT, but deny all remaining allegations contained therein.

12. With respect to the allegations in Paragraph 12 of the Complaint, Defendants admit Marlon Moore is a co-founder and Managing Member of BINT, but deny all remaining allegations contained therein.

13. Defendants deny the allegations in Paragraph 13 of the Complaint.

14. Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the Complaint. As a result, Defendants deny the allegations.

15. Defendants deny the allegations in Paragraph 15 of the Complaint.

16. Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the Complaint. As a result, Defendants deny the allegations.

17. With respect to the allegations in Paragraph 17 of the Complaint, Defendants admit LaShonda Moore and Marlon Moore formed BINT Operations LLC in August 2020, but deny the remaining allegations contained therein.

18. Defendants deny the allegations in Paragraph 18 of the Complaint.

19. Defendants deny the allegations in Paragraph 19 of the Complaint.

20. Defendants deny the allegations in Paragraph 20 of the Complaint.

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Defendants deny the allegations in Paragraph 23 of the Complaint.

24. With respect to the quoted language in Paragraph 24 of the Complaint, Defendants admit they are direct quotations from their respective sources, but Defendants deny the allegations related to the same, and deny the remainder of the allegations in Paragraph 24.

25. With respect to the quoted language in Paragraph 25 of the Complaint, Defendants admit they are direct quotations from the BINT website, but deny the allegations related to the same, and deny the remainder of the allegations in Paragraph 25.

26. With respect to the quoted language in Paragraph 26 of the Complaint, Defendants admit they are direct quotations from the BINT website, but deny the allegations related to the same, and deny the remainder of the allegations in Paragraph 26.

27. With respect to the quoted language in Paragraph 27 of the Complaint, Defendants admit that they are direct quotations from their respective sources, but deny the allegations related to the same, and deny the remainder of the allegations in Paragraph 27.

28. With respect to the quoted language in Paragraph 28 of the Complaint, Defendants admit that they are direct quotations from their respective sources, but deny the allegations related to the same, and deny the remainder of the allegations in Paragraph 28.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Defendants deny the allegations in Paragraph 30 of the Complaint.

31. With respect to the quoted language in Paragraph 31 of the Complaint, Defendants admit that they are direct quotations from their respective sources, but deny the allegations related to the same, and deny the remainder of the allegations in Paragraph 31.

32. With respect to the quoted language in Paragraph 32 of the Complaint, Defendants admit that they are direct quotations from their respective sources, but deny the allegations related to the same, and deny the remainder of the allegations in Paragraph 32.

33. With respect to the quoted language in Paragraph 33 of the Complaint, Defendants admit that they are direct quotations from their respective sources, but deny the allegations related to the same, and deny the remainder of the allegations in Paragraph 33.

34. With respect to the quoted language in Paragraph 34 of the Complaint, Defendants admit that they are direct quotations from their respective sources, but deny the allegations related to the same, and deny the remainder of the allegations in Paragraph 34.

35. With respect to the quoted language in Paragraph 35 of the Complaint, Defendants admit that they are direct quotations from their respective sources, but deny the allegations related to the same, and deny the remainder of the allegations in Paragraph 35.

36. With respect to the quoted language in Paragraph 36 of the Complaint, Defendants admit that they are direct quotations from their respective sources, but deny the allegations related to the same, and deny the remainder of the allegations in Paragraph 36.

37. With respect to the quoted language in Paragraph 37 of the Complaint, Defendants admit that they are direct quotations from their respective sources, but deny the allegations related to the same, and deny the remainder of the allegations in Paragraph 37.

38. With respect to the quoted language in Paragraph 38 of the Complaint, Defendants admit that they are direct quotations from their respective sources, but deny the allegations related to the same, and deny the remainder of the allegations in Paragraph 38.

39. Defendants deny the allegations in Paragraph 39 of the Complaint.

40. Defendants deny the allegations in Paragraph 40 of the Complaint.

41. With respect to the quoted language in Paragraph 41 of the Complaint, Defendants admit that they are direct quotations from their respective sources, but deny the allegations related to the same, and deny the remainder of the allegations in Paragraph 41.

42. With respect to the quoted language in Paragraph 42 of the Complaint, Defendants admit that they are direct quotations from their respective sources, but deny the allegations related to the same, and deny the remainder of the allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43 of the Complaint.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

46. Defendants deny the allegations in Paragraph 46 of the Complaint.

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Defendants deny the allegations in Paragraph 48 of the Complaint.

49. With respect to the quoted language in Paragraph 49 of the Complaint, Defendants admit that they are direct quotations from their respective sources, but deny the allegations related to the same, and deny the remainder of the allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50 of the Complaint.

51. With respect to the quoted language in Paragraph 51 of the Complaint, Defendants admit that they are direct quotations from their respective sources, but deny the allegations related to the same, and deny the remainder of the allegations in Paragraph 51.

52. With respect to the quoted language in Paragraph 52 of the Complaint, Defendants admit that they are direct quotations from their respective sources, but deny the allegations related to the same, and deny the remainder of the allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53 of the Complaint.

54. The allegations set forth in Paragraph 54 of the Complaint constitute legal conclusions to which no response is required.

55. The allegations set forth in Paragraph 55 of the Complaint constitute legal conclusions to which no response is required.

56. The allegations set forth in Paragraph 56 of the Complaint constitute legal conclusions to which no response is required.

57. Defendants deny the allegations in Paragraph 57 of the Complaint.

58. To the extent the allegations set forth in in Paragraph 58 of the Complaint constitute legal conclusions, no response is required, but Defendants deny the remainder of the allegations therein.

59. Defendants deny the allegations in Paragraph 59 of the Complaint.

60. Defendants deny the allegations in Paragraph 60 of the Complaint.

61. To the extent the allegations set forth in in Paragraph 61 of the Complaint constitute legal conclusions, no response is required, but Defendants deny the remainder of the allegations therein.

62. Defendants deny the allegations in Paragraph 62 of the Complaint.

63. Defendants deny the allegations in Paragraph 63 of the Complaint.

64. To the extent the allegations set forth in in Paragraph 64 of the Complaint constitute legal conclusions, no response is required, but Defendants deny the remainder of the allegations therein.

65. Defendants state the statute referenced in Paragraph 65 speaks for itself, but deny they engaged in wrongful conduct.

66. Defendants state the statute referenced in Paragraph 66 speaks for itself, but deny they engaged in wrongful conduct.

67. Defendants state the statute referenced in Paragraph 67 speaks for itself, but deny they engaged in wrongful conduct.

68. Defendants state the statute referenced in Paragraph 68 speaks for itself, but deny they engaged in wrongful conduct.

69. Defendants state the statute referenced in Paragraph 69 speaks for itself, but deny they engaged in wrongful conduct.

70. To the extent the allegations set forth in in Paragraph 70 of the Complaint constitute legal conclusions, no response is required, but Defendants deny the remainder of the allegations therein.

71. Defendants deny the allegations in Paragraph 71 of the Complaint.

72. Defendants deny the allegations in Paragraph 72 of the Complaint.

73. To the extent the allegations set forth in in Paragraph 73 of the Complaint constitute legal conclusions, no response is required, but Defendants deny the remainder of the allegations therein.

74. The allegations set forth in in Paragraph 74 of the Complaint constitute legal conclusions to which no response is required.

75. The allegations set forth in in Paragraph 75 of the Complaint constitute legal conclusions to which no response is required.

76. The allegations set forth in in Paragraph 76 of the Complaint constitute legal conclusions to which no response is required.

77. The allegations set forth in in Paragraph 77 of the Complaint constitute legal conclusions to which no response is required.

78. Defendants deny the allegations in Paragraph 78 of the Complaint.

79. Defendants deny the allegations in Paragraph 79 of the Complaint.

80. Defendants deny the allegations in Paragraph 80 of the Complaint.

81. To the extent the allegations set forth in in Paragraph 81 of the Complaint constitute legal conclusions, no response is required, but Defendants deny the remainder of the allegations therein.

82. Defendants deny the allegations in Paragraph 82 of the Complaint.

## II.    AFFIRMATIVE DEFENSES

1. Defendants assert the affirmative defense of Assumption of Risk.

2. Defendants assert the affirmative defense of Release.

3. Defendants assert the affirmative defense of Estoppel.

4. Defendants assert the affirmative defense of Waiver.

## III.    PRAYER

WHEREFORE, Defendants respectfully request this Court dismiss Plaintiffs' Complaint for Permanent Injunction, Monetary Relief, and Other Relief, deny all relief sought therein, and grant Defendants such other and further relief, whether in law or in equity, to which Defendants may be justly entitled.

Respectfully submitted,

GODWIN | BOWMAN  PC

*[signature: Donald E. Godwin]*

**Donald E. Godwin**  (*Admitted*)
Texas State Bar No. 08056500
DGodwin@GodwinBowman.com
**Stefanie M. McGregor**  (*Admitted*)
Texas State Bar No. 24037019
SMcGregor@GodwinBowman.com
**Kristin M. Burns**  (*Admitted*)
Texas State Bar No. 24102934
KBurns@GodwinBowman.com

1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
Ph:     214.939.4412
Fax:    214.527.3112

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on or about the 14th day of April, 2022, a true and correct copy of the above and foregoing pleading was electronically filed with the Clerk of the Court by using CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification.

*[signature: Donald E. Godwin]*

Donald E. Godwin