| | |
|---|---|
| **From:** | Justin N. Bryan |
| **To:** | Tepfer, Reid A.; Lejeune, Anne D.; Alex, David; Amanda Land; Jason Epperson; Heather Jones; Mosley-Day, Serena; Gallegos, Luis |
| **Cc:** | Kristin Hecker |
| **Subject:** | 5th Amendment Corp. Rep. Conference - FTC v . Moore |
| **Date:** | Friday, August 19, 2022 10:18:15 AM |
| **Attachments:** | image003.png |

All,

Thank you for the time yesterday. Further to our call, here is the position and case cites we raised. Some states, Texas for example, have recognized that 5th Amendment protections can apply to closely held companies. *See, In re Nat. Gas Consulting & Measurement, LLC,* No. 07-18-00309-CV, 2018 WL 7458616, at *2 (Tex. App.—Amarillo  Oct. 10, 2018) ("the trial court may not compel the representative designated to testify on behalf of the 'artificial entity' to provide oral testimony that would incriminate himself"). But we recognize federal courts outside of Texas have addressed this issue in a different way, by requiring an entity to hire and retain a third party. That third party can be required to review the materials and provide representative testimony on behalf of the entity. But, those third parties charge fair compensation and there are equitable concerns courts can consider before requiring such a result. Those include limited fund scenarios and objectives of the litigation. For example, courts can protect an insolvent company whose officers are pleading the Fifth Amendment from having to retain and designate such a third party representative. *See, In re New England Compounding Pharmacy, Inc. Prod. Liab. Litig.*, No. MDL 13-2419-RWZ, 2015 WL 13715289, at *9-10 (D. Mass. July 31, 2015). We believe those same factors are present here and could provide similar protection. The pertinent portion of that opinion, providing a good survey, is copied below for your convenience.

So, our clients would need to file a motion for protection on these grounds. Rather, our clients ask that the FTC and State save them the expense and burden (for motion and representative) and rather rely on information through other sources of discovery. For example, our clients are insolvent due to considerable debt. They have incurred debt to pay their legal bills and are not current on their legal bills. We have also indicated our clients are not withholding any information pursuant to objections and will cooperate so you obtain all responsive information.

Please let me know when you have had a chance to digest this so we can talk again. Have a good weekend.

**Pertinent Excerpts of *New England Compounding*:**

**D. A Protective Order Precluding The Rule 30(b)(6) Deposition Of NECC Is Warranted Under The Circumstances**

*9 "A corporation does not enjoy the privilege against self-incrimination guaranteed by the Fifth Amendment, as the privilege is a personal privilege enjoyed by natural individuals." Amato v. United States, 450 F.3d 46, 49 (1st Cir. 2006). See also State Farm Mutual Automobile Ins. Co. v. Graffman, No. 04-CV-2609, 2007 WL 4285378, at *2 (E.D.N.Y. Dec. 1, 2007) ("A corporation, even one controlled by a single individual, has no Fifth Amendment right not to testify."). The fact that

individual employees or officers have invoked the Fifth Amendment is insufficient by itself to justify a stay of discovery with respect to their corporations. State Farm, 2007 WL 4285378, at *2. Nevertheless, the Trustee argues that NECC should not be subjected to a Rule 30(b)(6) deposition because he has no personal knowledge of the topics in the Rule 30(b)(6) notice and NECC has no officers, directors, managing agents or others who have knowledge of the Rule 30(b)(6) topics who are not planning on invoking their Fifth Amendment privilege and who will consent to testify on NECC's behalf. Docket No. 1811 at 4.11 This Court finds that a protective order is warranted under the circumstances.

A few courts confronted with similar situations have compelled a corporation to designate a person to testify on its behalf, even if that means retaining a person not previously associated with the corporation so that person can answer the questions. See, e.g., Martinez v. Majestic Farms, No. 05-060833-CIV, 2008 WL 239164, at *2 (S.D. Fla. Jan. 28, 2008); see also W.R. Grace & Co. v. N&M, Inc., No. 1:06mc602WJG, 2006 WL 3694595, at *2 (S.D. Miss. Dec. 13, 2006) ("A corporation that is in existence but no longer actively doing business can be compelled to produce a witness for a Rule 30(b)(6) deposition."). They have held that the retained corporate representative must be provided with sufficient knowledge as can be reasonably gleaned from corporate documents. Id. One court stated that "[t]he view that the duty to educate a person with no prior knowledge is 'prejudicial' to a corporation has not prevailed, and it appears now to be recognized that the Rule 30(b)(6) deponent must be woodshedded with information that was never known to the witness prior to deposition preparation." Brunet v. Quizno's Franchise Co. LLC, No. 07-cv-01717-PAB-KMT, 2008 WL 5378140, at *2 (D. Colo. Dec. 23, 2008) (citations omitted).

Nevertheless, the Court finds that under the unique circumstances of this case, the Trustee should not have to designate a Rule 30(b)(6) designee to testify on behalf of NECC. The Court has been unable to find a case quite like this one, where not only most of the principals of the corporation have been indicted and have expressed an intention to invoke their Fifth Amendment rights but where the corporation has also filed for bankruptcy and is no longer operating. One of the Trustee's main responsibilities in the bankruptcy case was to marshal the assets of NECC for distribution to creditors, including the victims of the outbreak. He has no apparent personal knowledge of any of the proposed subjects for examination. The former owners and principals of NECC are not available to help with the preparation of Rule 30(b)(6) witness. See City of Chicago v. Reliable Truck Parts Co., Inc., 768 F. Supp. 642, 646 (N.D. Ill. 1991) ("[T]his court cannot compel the individual defendants who choose to remain silent to respond to inquiries by the 30(b)(6) deponent."). Therefore, preparing a Rule 30(b)(6) witness would be an extraordinary undertaking. Every dollar spent by the Trustee and/or his counsel investigating the topics listed in the Rule 30(b)(6) notice and preparing a witness with no prior knowledge of those topics results in one less dollar available to the victims.

Moreover, the Clinic Defendants inability to take NECC's deposition does not limit their ability to conduct discovery from NECC altogether. The Trustee has already made many documents available in response to the subpoena. Docket No. 1811 at 5. It also appears that the Plaintiffs are willing to stipulate that NECC distributed the product administered by the Clinic Defendants, thereby eliminating the need for some of the discovery they seek. Id. Admittedly, the Clinic Defendants will be unable to conduct the discovery they would under normal circumstances. However, in balancing all of the factors, the Court finds that the Trustee is entitled to a protective order. Accordingly, the

Court grants the Trustee's motion.

**E. The Affiliated Entities Need Not Produce A Rule 30(b)(6) Corporate Representative**

*10 Ameridose, MSM and GDC also assert that because the Insider Defendants and Higgins intend to invoke their Fifth Amendment privilege against self-incrimination, there is no knowledgeable person to attend a Rule 30(b)(6) deposition who could testify on their behalf without asserting the privilege.12 Docket No. 1824 at 1; Docket No. 1826 at 1-2; Docket No. 1854 at 2; Docket No. 1879-1 at 3-5; Docket No. 2017 at 2-4. As set forth above, some courts have held that a corporation must designate a person to testify on its behalf, even if that means retaining a person not previously associated with the corporation so that person can answer the questions. See, e.g., Martinez, 2008 WL 239164, at *2; see also W.R. Grace & Co., 2006 WL 3694595, at *2. However, that approach presents a unique set of difficulties in this case.

First, the former principals and employees with knowledge have Fifth Amendment concerns so they will not consent to testify. In addition, they cannot be forced to help in the preparation of a corporate designee.13 See Reliable Truck Parts Co., Inc., 768 F. Supp. at 646. Finally, because the Affiliated Entities have not operated for over two years, they appear to lack the financial ability to hire a consultant to review documents and educate himself or herself about the Rule 30(b)(6) topics. See, e.g., Docket No. 2017 at 3. Accordingly, the Court grants the Affiliated Entities motion for a protective order precluding their Rule 30(b)(6) deposition.14

## Justin Bryan

*Partner*
3710 Rawlins Street, Suite 1600
Dallas, Texas 75219

**p:** 214.730.4512 | **f:** 214.741.4717
jbryan@mccathernlaw.com



This electronic transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender that is protected by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510 and 2521 and may be legally privileged. This message (and any associated files) is intended only for the use of the individual or entity to which it is addressed and may contain information that is confidential, subject to copyright or constitutes a trade secret. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this message, or files associated with this message, is strictly prohibited. If you have received this communication in error, please notify McCathern, PLLC immediately by telephone 214.741.2662 and destroy the original message. Messages sent to and from us may be monitored.