UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

FEDERAL TRADE COMMISSION, and

STATE OF ARKANSAS, *ex rel.*
LESLIE RUTLEDGE,
ATTORNEY GENERAL,

      Plaintiffs,

      v.

BINT OPERATIONS LLC, a limited liability company,

LASHONDA MOORE, individually and as an officer of BINT OPERATIONS LLC, and

MARLON DEANDRE MOORE, formerly known as MARLON DEANDRE MAIDEN, individually and as an officer of BINT OPERATIONS LLC,

      Defendants.

Case No. 4:21-cv-00518-KGB

**PLAINTIFF FEDERAL TRADE COMMISSION'S OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTION FROM PLAINTIFF FTC'S RULE 30(b)(6) DEPOSITION NOTICE**

**PLAINTIFF FEDERAL TRADE COMMISSION'S OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTION FROM PLAINTIFF FTC'S RULE 30(b)(6) DEPOSITION NOTICE**

## I.  INTRODUCTION

Plaintiff FTC opposes Defendants' motion for a protective order preventing the FTC from taking a Rule 30(b)(6) deposition of Defendant BINT Operations, LLC ("BINT") as it is unwarranted, unreasonable, and unsupported by relevant law.  In particular, Defendants argue that the Court should prevent the FTC from deposing BINT to protect their Fifth Amendment rights, but a corporate defendant has no such right to refuse to testify on Fifth Amendment grounds. Rather, the law is clear that a corporation must designate someone who can testify on its behalf without concern about waiving Fifth Amendment privilege.

Rather than an attempt to vindicate legitimate Fifth Amendment protections, Defendants'
Motion appears to be designed to prevent the FTC from obtaining evidence. Under the Federal
Rules of Civil Procedure, the FTC is entitled to depose Defendant.  Defendants fail to show good
cause for a protective order and their motion should be denied.

## II.     BACKGROUND

Plaintiffs FTC and the State of Arkansas allege that BINT, a Texas limited liability
corporation, operated as an illegal pyramid scheme.  On September 9, Plaintiff FTC
served Defendant BINT with a Rule 30(b)(6) Notice of Deposition scheduled for
September 30, 2022.  Dkt. 46-2.  In response, Defendants filed a Motion for Protection
from Plaintiff FTC's Rule 30(b)(6) Deposition Notice, seeking blanket excusal from
testifying.  Dkt. 45.  The parties re-set the BINT Rule 30(b)(6) deposition to November
15, 2022, to allow time for clarification of the parties' obligations, consistent with
federal law.  *See Goodwin v. City of Boston*, 118 F.R.D. 297, 298 (D. Mass. 1988);
*Stephen L. LaFrance Holdings, Inc. v. Sorensen*, 278 F.R.D. 429, 436 (E.D. Ark. 2011).

This is not the first time Defendants have attempted to avoid discovery by
invoking BINT's non-existent Fifth Amendment privilege.  As discussed in the
Commission's pending Motion to Compel responses to interrogatories (Dkt. 52), BINT
has refused to respond to a mere four interrogatories issued to it weeks ago on bogus
Fifth Amendment grounds.  While finally admitting the inapplicability of the Fifth
Amendment to limited liability corporations, in this latest filing Defendant BINT
attempts to bootstrap the protection of the privilege through this protective order.

## III.    ARGUMENT

A protective order prohibiting the deposition of a party is an extreme measure, and not

warranted here.  "Under Rule 26(c), a court may grant a protective order only upon a showing of good cause by the moving party." *Pochat v. State Farm Mutual Auto. Ins. Co*., No. 08-5015-KES, 2008 U.S. Dist. LEXIS 100389, 2008 WL 5192427, at \*3 (D.S.D. Dec. 11, 2008). "'Good cause' exists, according to Rule 26(c), when justice requires the protection of 'a party or a person from any annoyance, embarrassment, oppression, or undue burden or expense.'" *Reese v. Reyes*, No. CIV.A. 07-5227, 2008 WL 2186330, at \*1 (W.D. Ark. May 23, 2008), *quoting U.S. v. Miracle Recreation Equip. Co*., 118 F.R.D. 100, 104 (S.D. Iowa 1987).  The moving party "must make a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one." *Reese v. Reyes*, No. CIV.A. 07-5227, 2008 WL 2186330, at \*1 (W.D. Ark. May 23, 2008).  "Such determination must also include a consideration of the relative hardship to the non-moving party should the protective order be granted." *Gen. Dynamics Corp*., 481 F.2d 1204, 1212 (8th Cir 1973). (citation omitted).

The Court should not prevent the FTC from deposing BINT, a party to this lawsuit and the only custodian of crucial information about how it operated. BINT itself has no Fifth Amendment Privilege, it may designate a third-party if necessary to avoid Fifth Amendment concerns of the Moores, and Defendants' conclusory statements about the cost of presenting a Rule 30(b)(6) witness do not establish that it cannot testify and, moreover, are outweighed by the Plaintiffs' interest in gathering information to establish liability.

A.     **Corporations do not enjoy Fifth Amendment protections against compulsory self-incrimination**

Defendants appear to base their motion for a protective order on Fifth Amendment grounds, but BINT has no Fifth Amendment right against self-incrimination. "It is well established that the [Fifth Amendment] privilege against self-incrimination protects only

individuals and that it does not extend to a corporation or unincorporated association." 8

Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2018. Even single-

member LLCs are unable to assert a Fifth Amendment privilege. *US v. Feng Juan Lu*, 248

F. App'x 806, 808 (9th Cir. 2007) (holding that business records of single-member LLCs

were not protected by the Fifth Amendment privilege against compulsory self-

incrimination); *Expert Janitorial v. Williams*, No. 3:09-CV-283, 2010 WL 2854295, at *5

(E.D. Tenn. July 19, 2010) (holding that business records of single-member LLCs were not

protected by the Fifth Amendment privilege against compulsory self-incrimination); *S.E.C.

v. Ryan*, 747 F. Supp. 2d 355, 364–65 (N.D.N.Y. 2010) ("Pointedly, both the United States

Supreme Court and the Second Circuit have continuously held that corporations and other

artificially created collective entities do not have the authority to invoke a Fifth Amendment

protection against incrimination.")(citing *Braswell v. United States*, 487 U.S. 99, 102, 108 S.

Ct. 2284, 101 L. Ed. 2d 98 (1988) for the proposition that "[u]nder the long-established

'collective entity rule,' corporations [and other similar type organizations] cannot avail

themselves of the Fifth Amendment privilege").

Defendants have not cited any contrary authority and do not contest that corporations

and limited liability corporations do not have a Fifth Amendment right to refuse to testify.

Dkt. 46, page 4.  Indeed, Defendants acknowledge that limited liability companies do not

enjoy Fifth Amendment protections against compulsory self-incrimination.  Dkt. 46, page 4.

As Defendants' own Brief notes, "Defendants also acknowledge limited liability companies,

unlike their officers, do not enjoy Fifth Amendment protections against compulsory self-

incrimination." Dkt. 46, page 10.

4

**B.      Where No Officer, Manager, or Employee is Available for Rule 30(b)(6) Deposition, BINT Must Appoint an Agent.**

Where, as with Defendant BINT, the officers or managers of a closely held limited liability corporation assert their individual Fifth Amendment privilege, a corporate defendant is still required to respond to discovery.  If no officer, manager, or employee is able to respond on behalf of BINT, Defendants must appoint an agent to attend the deposition.  And Defendants acknowledge this.  Dkt. 46, page 4.

Eighth Circuit courts have required companies to designate a corporate representative to testify in similarly circumstances.  In *Rightchoice Managed Care, Inc. v. Hospital Partners, Inc.*, No. 5:18-cv-06037-DGK, 2020 WL 5733204, at *6 (W.D. Mo. Sept. 24, 2020), the Western District of Missouri applied the generally prevailing rule holding:

> If [corporate defendants] could not find someone currently affiliated with them to designate as a corporate representative, then they were required to prepare someone else – even someone not previously associated with the corporation – to be the corporate representative. *See, e.g. Martinez v. Majestic Farms, Inc.*, No. 05-60833-CIV, 2008 WL 239164, at *2–3 (S.D. Fla. Jan. 28, 2008) (noting "[t]his is not an uncommon situation") (citing *City of Chicago v. Wolf*, No. 91 C 8161, 1993 WL 177020 (N.D. Ill. May 21, 1993)) (requiring corporation to designate a representative who would not invoke Fifth Amendment even if it meant retaining someone so that person could answer questions, and sanctioning corporation for earlier producing representative who repeatedly invoked privilege against self-incrimination).

*Rightchoice Managed Care,* 2020 WL 5733204, at *6. Moreover, similar to the instant case, the *Rightchoice* court found: (1) "no evidence that [the corporate defendants] made any effort to find a non-invoking corporate representative, much less tried to prepare someone not previously associated with them to act as a corporate representative," and (2) "[the corporate defendants'] failure to designate corporate representatives to be deposed was intentional and the culmination of their efforts throughout this litigation to thwart Plaintiffs' legitimate attempts to conduct discovery." *Rightchoice Managed Care,*

2020 WL 5733204, at *7. Similarly, Defendants have provided no evidence of efforts to

find a non-invoking corporate representative, including the possibilities of designating a

former employee or former independent contractor, and their attempt to avoid the FTC's

properly noticed Rule 30(b)(6) deposition is improper.

    While Defendants do not contest that the generally prevailing rule requires it to

appoint an agent to attend the Rule 30(b)(6) deposition, Defendants point to an out-of-

circuit, unreported district court opinion on facts that bear no resemblance to this matter, *In

re New England Compounding Pharmacy, Inc. Prod. Liab. Litig.*, No. MDL 13-2419-RWZ,

2015 WL 13715289, at *9–10 (D. Mass. Jul. 31, 2015).  That case involved multi-district

litigation involving numerous defendants with cross claims of comparative fault, several criminal

indictments and a parallel criminal case, and one of several related corporate defendants that had

filed for voluntary bankruptcy protection with an appointed bankruptcy Trustee. Id. at *3–5.

Under the unique circumstances of that case, the court granted a protective order to the Trustee

to prevent him from being deposed as, or having to appoint an agent as, the 30(b)(6)

representative of the bankrupt corporate defendant and extended that ruling to similarly situated

and related, commonly owned corporate defendants. Id. at *9–10.

    In contrast, BINT has not filed for bankruptcy protection and has not subjected itself, its

records, and its finances to the control, review, and scrutiny of a bankruptcy Trustee.  If BINT

were to declare bankruptcy, a Trustee would trace BINT's assets and pursue adversary claims to

    recoup any fraudulent transfers. Thus, BINT seeks to gain the advantages of bankruptcy

protection while avoiding the scrutiny and costs of declaring bankruptcy. The Court should not

allow this and should not expand the narrow exception created in *In re New England*

*Compounding Pharmacy, Inc. Prod. Liab. Litig*.[1]

  **C.  Defendants fail to show good cause to preclude the FTC's discovery rights.**

  As the party moving for a protective order, Defendants must show that the discovery

sought is unnecessary and imposes an undue burden. In fact, the discovery sought is crucial,

and Defendants have not established that allowing the deposition will cause them substantial

harm.

  Defendants argue that deposing BINT is unnecessary because the FTC can obtain the

information through other means, such as bank records, copies of documents and other non-

party witness testimony.  This is not correct.  In order to prepare for trial, the FTC needs to

examine BINT about the evidence it has gathered in support of its case, Defendants' Answer,

and their responses to written discovery.  For example, the FTC seeks to learn more information

about a number of Excel spreadsheets Defendants produced in discovery, for which a number of

questions are necessary to understand and interpret the information provided.[2] *See* Item 20 in

Attachment A to the Notice of 30(b)(6) Deposition of BINT Operations LLC, seeking to

"[a]uthenticate and discuss all documents produced by the Defendants in this Lawsuit." [3]

Additionally, the FTC seeks to follow up on responses to RFAs that Defendant BINT either

---

[1] Although in their Brief (Dkt 46, p4), Defendants also cite *In re Nat. Gas Consulting & Measurement, LLC*, No. 07-18-00309-CV, 2018 WL 7458616, at *2 (Tex. App.—Amarillo Oct. 10, 2018), this case is neither controlling nor directly on point. The Texas state court case discusses whether the trial court erred in ordering a party to produce a corporate representative who the trial court prohibited from invoking the Fifth Amendment. The Texas appellate court held that "the trial court can compel" the "discovery of books and records belonging to [the party]" "via a deposition of its corporate representative and sanction the representative for invoking the Fifth Amendment as a shield against their disclosure," but could not more broadly prohibit the designated corporate representative from invoking the Fifth Amendment. *Id*. at 3.

[2] Questions concerning these Excel spreadsheets include but are not limited to: who created and maintained the spreadsheet, when were they created, what do they show, how were they used, and who used them.

[3] The FTC's Notice of 30(b)(6) Deposition of BINT Operations LLC and its Attachment A are attached as Exhibit 1.

denied or inappropriately asserted Fifth Amendment privileges to.

The burden imposed upon Defendant BINT to appear for depositions does not outweigh the benefits and the importance of the discovery sought by the FTC to resolve the issues pending before the Court. The FTC is seeking to depose a critical witness–the Defendant.  Defendants posit without evidence or detailed analysis that appointing a disinterested party to provide testimony on behalf of the BINT could incur expenses upwards of $50,000. Dkt. 46, page 5. Defendants speculate without explanation the cost of the third-party representative but detail no efforts to secure a corporate designee.  Mere speculation, without documented efforts to comply with discovery requirements, does not satisfy BINT's burden in attempting to foreclose the FTC's discovery of it.  Based on the record presented, the Rule 30(b)(6) deposition, even if a corporate agent or designee must be appointed, does not impose an undue hardship that outweighs the benefit of obtaining the necessary evidence to resolve this case.

Although Defendant BINT in its Brief in Support of Defendants' Motion for Protective Order (Dkt. 46) asserts that it is no longer doing business, this does not relieve a corporation of the obligation to designate a corporate representative to respond to discovery. *See List v. Carwell*, No. 18-CV-2253 (DSD/TNL), 2020 WL 5988514, at *15 (D. Minn. Oct. 9, 2020) (ordering the designation of a corporate representative for a 30(b)(6) deposition where corporation was no longer doing business and the sole owner and operator of the defendant corporation was deceased and the corporation was in the process of being dissolved).[4]

---

[4] Courts in other jurisdictions have reached the same conclusion.  *See, e.g., McGrath v. Chesapeake Bay Diving, Inc.*, No. CIVA 06-11413-CJB-SS, 2009 WL 1076735, at *3 (E.D. La. Apr. 20, 2009) (permitting corporate defendant to present a non-employee as its corporate representative at the Rule 30(b)(6) deposition where the corporation was defunct and without an officer, director, or managing agent to testify); *W.R. Grace & Co. v. N&M, Inc.*, 2006 WL 3694595, at *2 (S.D. Miss. Dec. 13, 2006) ("A corporation that is in existence but no

Defendants further put forth that to the extent monies are expended, they should be used to benefit the victims as Defendants desire a resolution via settlement.  Dkt. 46, page 6. While Plaintiff FTC welcomes Defendants' spirit of settlement, no settlement has been reached and it is premature to curtail any discovery efforts based on the mere possibility of an unspecified monetary settlement.  Unless and until settlement is reached, parties must proceed with the matter pursuant to the Court's scheduling order.  *Architectural Busstrut Corp. v. Target Corp.*, Civil No. 19-cv-968, 2021 U.S. Dist. LEXIS 124654, 2021 WL 2646808 (D. Minn. 2021) ("However, the fact that ABC chose to delay discovery in this case based on a possible settlement or coordination of discovery is a 'tactical decision' that does not provide sufficient good cause to modify a pretrial scheduling order under Rule 16." *See Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759-60 (8th Cir. 2006) (holding that "tactical decision[s]" do not provide good cause to modify a scheduling order); *see also Grage v. N. States Power Co.*, No. CV 12-2590 (JRT/JSM), 2014 U.S. Dist. LEXIS 194596, 2014 WL 12610147, at *7 (D. Minn. Jan. 3, 2014) ("Likewise, the fact that Grage may have delayed pursuing the motion to amend because of settlement talks was at a best a tactical decision, which does not amount to good cause so as to allow any relief on her motion to amend.") (citation omitted)); *see also De Lage Landen Fin. Servs. v. Dahlhauser*, 476 Fed. Appx. 328 (5th Cir. 2012), 2012 U.S. App. LEXIS 9930, 2012 WL 1758577 (Ongoing settlement negotiations do not excuse suspending discovery efforts.).  As noted in *Aviation Advisors Int'l, Inc. v. Transamerica Investors Group., Inc*., No. 8:09-CV-588-T-23, 2010 U.S. Dist. LEXIS 149564 (M.D. Fla Jul 29, 2010), to do otherwise would prejudice the interest of

---

longer actively doing business can be compelled to produce a witness for a Rule 30(b)(6) deposition.").

the party seeking deposition (holding that "[g]enerally, counsel act at their own peril when delaying discovery pending settlement discussions.").

In sum, Defendants fail to establish good cause to preclude or limit the FTC's right to discovery depositions of Defendant BINT. The Defendant the FTC seeks to depose is a party to this action. Any burden Defendants may suffer does not outweigh the benefits of obtaining the requested discovery necessary for trial. The fact that the corporation is no longer doing business and the marshaling of resources in the hopes of settlement is not good cause to relieve Defendants of their discovery obligations.

## IV.   CONCLUSION

Defendants' Motion for Protective Order should be denied. There is no relevant authority supporting Defendants' position that the FTC should be precluded from taking Defendant BINT's deposition.  Defendants fail to show good cause to limit the FTC's discovery and preclude the FTC from taking the Rule 30(b)(6) deposition of Defendant BINT in this action. The deposition of Defendant BINT should proceed as noticed and be conducted in accordance with the Federal Rules of Civil Procedure.

Therefore, the FTC respectfully requests the Court deny Defendants' Motion for a Protective Order such that BINT Operations LLC must comply with Plaintiff's properly noticed Rule 30(b)(6) deposition.

Respectfully submitted,

Dated: September 28, 2022

*/s/ Reid Tepfer*
REID TEPFER
Texas Bar No. 24079444
LUIS GALLEGOS
Oklahoma Bar No. 19098
Federal Trade Commission

1999 Bryan St., Ste. 2150
Dallas, TX 75201
(214) 979-9395 (Tepfer)
(214) 979-9383 (Gallegos)
rtepfer@ftc.gov; lgallegos@ftc.gov

Attorney for Plaintiff
FEDERAL TRADE COMMISSION

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 28, 2022, a true and correct copy of the foregoing document was electronically filed with the clerk of the U.S. District Court, Eastern District of Arkansas, using the electronic case filing system of the court. The attorneys listed below were served by pursuant to the ECF notice generated by the Court.

Justin N. Bryan
Kristin M. Hecker
McCathern, PLLC
3710 Rawlins Street, Suite 1600
Dallas, Texas 75219
(214) 741-2662
jbryan@mccathernlaw.com
khecker@mccathernlaw.com
Counsel for Defendants BINT Operations LLC,
LaShonda Moore, and Marlon Moore

Amanda Land
Jason Epperson
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
Amanda.Land@arkansasag.gov
Jason.Epperson@arkansasag.gov

*/s/ Reid Tepfer*
REID TEPFER