UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| FEDERAL TRADE COMMISSION, and <br><br> STATE OF ARKANSAS, *ex rel.* LESLIE RUTLEDGE, ATTORNEY GENERAL, <br><br>  Plaintiffs, <br><br>  v. <br><br> BINT OPERATIONS LLC, a limited liability company, <br><br> LASHONDA MOORE, individually and as an officer of BINT OPERATIONS LLC, and <br><br> MARLON DEANDRE MOORE, formerly known as MARLON DEANDRE MAIDEN, individually and as an officer of BINT OPERATIONS LLC, <br><br>  Defendants. | Case No. 4:21-cv-00518-KGB <br><br> **PLAINTIFF FEDERAL TRADE COMMISSION'S REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL DEFENDANT BINT OPERATIONS LLC TO RESPOND TO INTERROGATORIES** |

In its Opposition to Plaintiff Federal Trade Commission's Motion to Compel [Dkts. 57 at p. 5, ¶11 & 59 p. 5, ¶11], Defendant BINT Operations LLC ("BINT") for the first time appears to assert that the four Interrogatories at issue are unduly burdensome and not proportional. The FTC respectfully requests the Court reject consideration of the proportionality argument because BINT failed to assert it in its responses to the FTC's interrogatories. However, if the Court exercises its discretion to consider BINT's untimely proportionality argument, then it should reject it because the importance of the sought evidence far outweighs the minimal burden to BINT of responding to four interrogatories that seek data and information that it would create or obtain in its ordinary course of business.

### I.    Because BINT Did Not Assert an Undue Burden Objection, the Court Should Not Consider it in Deciding the Motion to Compel.

FRCP Rule 33(a)(4) specifies that "grounds for objecting to an interrogatory must be stated with specificity" and "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." In its responses to the FTC's interrogatories, BINT failed to assert any objection, opting to assert only a privilege it does not have. Now BINT seeks to bootstrap a proportionality argument based on FRCP Rule 26(b)(1) to its baseless assertion of the Fifth Amendment privilege against self-incrimination. The FTC respectfully requests that the Court reject consideration of BINT's untimely proportionality argument made in violation of FRCP Rule 33(a)(4). Allowing Defendants to oppose a motion to compel on grounds that they did not raise in their responses subverts the rules of discovery, which require parties to give clear notice of their objections, and meet-and-confer requirements that allow parties to resolve disputes without court intervention.

### II.   The Equities Weigh in Favor of Compelling BINT to Respond.

If the Court exercises its discretion under FRCP Rule 33(a)(4) to consider the proportionality argument, then the Court should reject it on the merits. The FTC has propounded only four interrogatories to BINT. These interrogatories seek important information regarding products sold, monies received, corporate knowledge of complaints and if documents were deleted after receiving notice of complaints, and information relating to Members including payments Members made and received.

This Court recently articulated the factors applicable in deciding whether discovery is proportional under FRCP Rule 26(b)(1):

> When weighing the proportionality of the discovery to the needs of the case, courts should consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

*Smith v. BNSF Ry. Co.*, No. 3:18-CV-00058-KGB, 2019 WL 4565055, at *1 (E.D. Ark. Sept. 19, 2019). Under this analysis, the FTC's four interrogatories are more than proportionate to the needs of this case.

### A.   The Importance of the Issues at Stake in the Action Weigh Heavily in Favor of Compelling BINT to Respond to the Interrogatories.

First, this action is brought by the FTC and the State of Arkansas to protect the public from deception and misrepresentation by seeking both permanent injunctive relief as well as redress for consumer harm. Thus, the public interest in this action is great, and the particular information sought in the FTC's interrogatories is important for this action. Because Defendants' business was rooted in deception and permeated by fraud, the equities weigh heavily in favor of compelling responses to the FTC's interrogatories.

### B.   The Amount in Controversy Warrants Compelling BINT to Respond to the Interrogatories.

BINT's pyramid scheme harmed consumers greatly, both individually and in the aggregate. Plaintiffs are still uncovering how much this scheme took in, but even currently available data suggests that the amounts will be great based on (1) each Member's entry price to be placed on BINT playing boards and (2) each Member's monthly subscription cost for access to the Conecmi LLC ("Conecmi") platform. Each consumer was required to pay either $1400 or $1425 to be placed on a BINT playing board, and each consumer was required to pay $85 per

month for access to the Conecmi platform. In the absence of BINT's complete business records, and based on preliminary evidence, it is estimated that there were between 7,449 to 5,880 participants. Thus, the consumer harm for the cost of being placed on the playing boards alone, not factoring in the consumer harm from the $85 monthly Conecmi subscription fee and not considering that many consumers paid for more than one spot, could easily exceed $8 million. Moreover, on an individual level, consumers have suffered serious losses.

### C.   The Parties' Relative Access to Relevant Information Justifies Compelling BINT to Respond to the Interrogatories.

The information the FTC's interrogatories seek is, for the most part, available only from Defendants.[1] Defendants' First Amended Rule 26(a)(1) Initial Disclosures identified as "individual likely to have discoverable information" the following: (1) "Corporate Representative of BINT Operations LLC," (2) defendant LaShonda Moore, (3) defendant Marlon DeAndre Moore. These are the only individuals Defendants identified in their Initial Disclosures as having "knowledge of BINT's formation and operations and the allegations in question/dispute." *See* **Exhibit A** (Defendants' First Amended Rule 26(a)(1) Initial Disclosures). Moreover, LaShonda Moore and Marlon Moore have both asserted their Fifth Amendment privilege against self-incrimination in response to the same four interrogatories the FTC served on them. Between the principals' assertion of their Fifth Amendment and BINT's attempts at

---

[1] The FTC has issued *subpoena duce tecum* to Conecmi and Stripe, Inc., a payment processor Conecmi used, seeking information concerning, *inter alia*, the Members' identities and payments made to Conecmi, and the payments made by Conecmi to Defendants. This is the only alternative source for responsive information that the FTC is aware of, and it is directly responsive only to Interrogatories 2(c) and 4(a).

obfuscation through refusing to answer interrogatories and objecting to sitting for a deposition,

*see* Dkt. 45, Defendants essentially seek to avoid providing any means for the FTC to discover

BINT's relevant and highly probative business information.

Moreover, BINT could, per FRCP Rule 33(d), respond by referring to documents that

contain the information the FTC's interrogatories seek. However, BINT failed to avail itself of

this alternative and should not be allowed to argue that the answers the FTC seeks are contained

in records BINT has produced without "specifying the records that must be reviewed" or

producing the records. FRCP Rule 33(d). Although BINT asserts that the information requested

in the interrogatories is contained in documents already produced,[2] BINT has not identified any

of those documents with specificity, and the FTC is not aware of any such documents directly

responsive to its four interrogatories.

**D.     The Parties' Resources Do Not Forestall Compelling BINT to
        Respond.**

In its Opposition, BINT submitted a declaration from LaShonda Moore explaining

BINT's and the Moores' strained finances. Through this declaration, Defendants are trying to

---

[2] *See* BINT's Opposition, Dkt 57: at p. 3, ¶ 6, "Defendants are cooperating in discovery to produce all responsive records in their possession which would provide all information BINT would have to use to attempt to compute and derive the answers to the FTC's interrogatories. Examples include bank records.";
at p. 4, ¶ 10, "Discovery to date shows the Moore Defendants received compensation of a very different nature…"; and
at p. 7, ¶ 19, "Lastly, Defendants point to the existence of alternative means of discovery to obtain all information the FTC may seek. For example, the FTC's interrogatories seek a list of all monetary transactions involving BINT. BINT is cooperating to produce all its financial records which bear this information."

selectively testify: providing a declaration with convenient facts about their financial conditions, while then invoking the Fifth Amendment to refuse to answer questions about their finances.

The FTC views this declaration with circumspection, and given the current state of discovery, reserves its right to challenge the accuracy of any of the declaration's statements. However, even taken at face value, the declaration does not offer an explanation of what happened to the income from Conecmi, currently understood to be a percentage of the $85 per month Conecmi subscription fee believed to be paid by each Member. A preliminary review of records shows that BINT received at least in the range of $1,000,000 from Conemci in distributions /commissions. Nor does defendant LaShonda Moore's declaration address the numerous payments Defendants received from their participation in this pyramid scheme.

The FTC is able to offer forensic accounting and forensic information technology services that could help resolve some of the outstanding issues if, per FRCP Rule 33(d), BINT specifically identifies, produces and/or allows access to the relevant records, but in that case, the FTC would request that the Court extend the discovery deadline.

**E.      The Requested Discovery is Important in Resolving the Issues.**

The information sought through the FTC's interrogatories is relevant and highly probative to the FTC's and the State of Arkansas' preparation of their case. They seek to establish: that BINT operated as a pyramid scheme; the amount of money generated by the scheme; where the money went; corporate knowledge of complaints; and whether Defendants have spoliated evidence. This information very important to establishing both liability and the scope of remedy in this case.

The FTC's Interrogatory No. 1 seeks information concerning the "each product or service that has been sold through the BINT program or by BINT Operations …" "[T]he *sine qua non* of a pyramid scheme" is "'recruitment with rewards unrelated to product sales.'"[3]  Thus, the FTC is entitled to discovery of this relevant and probative information. As far as the FTC is aware, BINT members sold little if any products, and the sale of products was not required to participate on BINT's playing boards. Thus, it should be simple to list any product that BINT offered, as well as provide information typically maintained in business sales records of such products and, considering the BINT business only began operating in approximately June 2020, the volume of information sought is not unreasonable. If BINT is unable or unwilling to provide such information, the FTC is willing to accept an admission from BINT that it had no product sales.

The FTC's Interrogatories No. 2 and No. 4 seek information related to money exchanged as part of the BINT scheme. Interrogatory No. 2 seeks information related to money received by BINT or any relative of any Defendant "a. through their participation in any BINT Playing Board; b. from BINT Operations LLC; c. from Conecmi LLC; d. as compensation for operating Blessings in No Time; and e. from any Member." FTC's Interrogatory No. 4 seeks payments made or received by BINT Members including payments Members made to Conecmi. Interrogatory 4 provides: "For each Member, identify the date and amount for: a. each payment relating to BINT or Conecmi; and b. each payment made or received relating to that Member's participation in BINT." This information is needed to accurately determine consumer harm and

---

[3] *Webster v. Omnitrition Int'l, Inc.*, 79 F .3d 776, 781 (9th Cir. 1996), quoting in part *In re Koscot Interplanetary, Inc*, 86 F.T.C. 1106, 1181 (1975).

the amount of ill-gotten gains. Importantly, even if BINT or its principals, defendants LaShonda and Marlon Moore, did not receive the payments exchanged between Members, Defendants are nonetheless responsible for the consumer harm resulting from their deceptive acts and practices where Defendants organized, promoted, and operated the illegal scheme using deceptive methods and where the requisite evidence of knowledge, participation and/or control exists.[4]

Again, the FTC's interrogatories seek standard business records for a business that only began operating in mid-2020. Although BINT argues that Members paid Members on the BINT playing boards, and did not pay BINT, this does not mean that BINT did not maintain records that would indicate the payments made between Members. Preliminary evidence suggests that Defendants in fact maintained such records. Thus, at minimum Interrogatories 2 and 4 require identification and production of the records BINT maintained to track the boards' progress and to track which Members were Conecmi subscribers. If BINT did not maintain records to track the hundreds of concurrently running boards, then this information is equally relevant to Plaintiffs' lawsuit.

---

[4] Corporate defendants may be held liable for deceptive acts and practices. *See FTC v. Nat'l Urological Group, Inc.*, 645 F. Supp. 2d 1167, 1182 (N.D. Ga. 2008); *FTC v. Wall Street Underground, Inc.*, 281 F. Supp. 2d 1260, 1271 (D. Kan. 2003); *FTC v. JK. Publ'ns, Inc.*, 99 F. Supp. 2d 1176, 1202 (C.D. Cal. 2000); *see also Sunshine Art Studios, Inc. v. FTC*, 481 F.2d 1171, 1175 (1st Cir. 1973); *FTC v. Kennedy*, 574 F. Supp. 2d 714, 722 (S.D. Tex. 2008); *FTC v. Think Achievement Corp.*, 144 F. Supp. 2d 993, 1011 (N.D. Ind. 2000).

Individuals can be held liable for corporate violations of Section 5 of the FTC Act. *See FTC v. Cyberspace.com LLC*, 453 F.3d 1196, 1202 (9th Cir. 2006); *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1170 (9th Cir. 1997) (quoting *FTC v. Am. Standard Credit Sys., Inc.*, 874 F. Supp. 1080, 1087); *FTC v. SkyBiz.com, Inc.*, No. 01-CV-396-K(E), 2001 U.S. Dist. LEXIS 26314, at *13, ¶12 (N.D. Okla. Aug. 2, 2001).

Additionally, Interrogatory No. 2, items c., d., and e. (*i.e.*, seeking information on payments received from Conecmi, payments received as compensation for operating BINT, and payments received from Members), request information (1) distinct from playing board payments, and (2) that should have been maintained by BINT. If bank records fully respond to these interrogatory subparts, then BINT should be compelled to identify with specificity which banks accounts' records contain all responsive information in response to each interrogatory subpart. If BINT does not have these records, BINT should be compelled to explain why such records were not maintained.

The FTC's Interrogatory No. 3 (a) seeks information pertaining to BINT's receipt of notice that consumers complained to watchdog agencies, specifically: "Identify when You or any Defendant first became aware that consumers had complained to a governmental agency or the Better Business Bureau concerning BINT." Considering that the BBB sent emails to BINT seeking BINT's response to consumers complaints, it should not be difficult to find documents that provide at least some of the requested information.

Interrogatory No. 3 subparts (b) and (c) both seek information regarding documents that were deleted.

> Interrogatory 3(b): "Identify any documents or data pertaining to BINT (whether in Your personal possession or that of a third party) that were deleted or destroyed by You or any Defendant at the direction of any Defendant after You or any Defendant became aware that consumers had complained to a governmental agency or the Better Business Bureau concerning BINT"

> Interrogatory 3(c): "Identify the reason any such documents or data pertaining to BINT were deleted or destroyed."

9

Considering the documents the FTC inquires about are business records that are regularly maintained for most businesses, BINT should be compelled to state whether such records were ever maintained and if so, whether they were deleted after any relevant date and the reason for their deletion. If BINT is unwilling or unable to determine this information, the Court could grant the FTC access to BINT's computer devices, its business records storage devices, and/or its online storage accounts, to determine if such records were deleted and when.

**F.      The Burden and Expense of the Proposed Discovery is Eclipsed by the Benefit to Plaintiffs.**

Despite Defendants' Initial Disclosures identifying a "Corporate Representative of BINT Operations LLC," as having "knowledge of BINT's formation and operations and the allegations in question/dispute," BINT now seeks to renege that disclosure, avoid answering any of the FTC's four interrogatories and, as set forth in BINT's Motion for Protective Order [Dkt. 45], avoid providing a representative for a Rule 30(b)(6) deposition, by asserting a Fifth Amendment privilege it does not have and by raising a proportionality argument that was not asserted as an objection in its written discovery responses. Between the principals' assertion of their Fifth Amendment, and BINT's own obfuscatory objections, Defendants would avoid providing any means of discovery to the FTC and would avoid disclosing data that is relevant and highly probative to the FTC's preparation of its case.

The Court should not permit BINT to renege the information in its Initial Disclosure and to escape its discovery obligations.

In summary, as to Interrogatory No.1: the Court should order BINT at minimum to specifically identify business records that contain responsive information and produce that information, per FRCP Rule 33(d). If BINT is unable or unwilling to provide responsive information, the FTC is willing to accept an admission from BINT that it had no product sales.

As to Interrogatories Nos. 2, 3(a), and 4: the Court should order BINT at minimum to specifically identify business records that contain responsive information and produce that information, per FRCP Rule 33(d), or state that neither BINT nor another defendant maintained responsive records, or state that these records were deleted.

As to Interrogatories Nos. 3 (b) and (c), the Court should order BINT at minimum to specifically identify relevant business records that were deleted and identify the reason and date they were deleted.

## III.    CONCLUSION

For the foregoing reasons as well as those set forth in the FTC's Motion to Compel [Dkt. 51], the FTC respectfully requests the Court find that BINT Operations LLC has improperly asserted a Fifth Amendment privilege in response to the FTC's interrogatories and: (1) strike BINT Operations LLC's baseless assertion of a Fifth Amendment privilege in response to the FTC's four interrogatories; (2) order BINT Operations LLC to answer fully the four interrogatories propounded by the FTC within seven days of entry of this Court's order; and (3) if no Member, officer, or employee is able to respond on behalf of BINT, order BINT Operations LLC to appoint an agent who will not invoke a Fifth Amendment privilege to

answer on BINT's behalf and who can furnish as much of the requested information as is

available to the LLC.

Respectfully submitted,

Dated: October 11, 2022

/s/ Anne LeJeune
REID TEPFER
Texas Bar No. 24079444
LUIS GALLEGOS
Oklahoma Bar No. 19098
ANNE LEJEUNE
Texas Bar No. 24054286
DAVID ALEX
Texas Bar No. 24003256
SERENA MOSLEY-DAY
Georgia Bar No. 101006
Federal Trade Commission
1999 Bryan St., Ste. 2150
Dallas, TX 75201
(214) 979-9395 / rtepfer@ftc.gov (Tepfer)
(214) 979-9383 / lgallegos@ftc.gov (Gallegos)
(214) 979-9371 / alejeune@ftc.gov (LeJeune)
(214) 979-9370 / dalex@ftc.gov (Alex)
(214) 979-9390/smosleyday@ftc.gov (Mosley-Day)

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 11, 2022, a true and correct copy of the foregoing document was electronically filed with the clerk of the U.S. District Court, Eastern District of Arkansas, using the electronic case filing system of the court. The attorneys listed below were served by pursuant to the ECF notice generated by the Court.

Justin N. Bryan
Kristin M. Hecker
McCathern, PLLC
3710 Rawlins Street, Suite 1600
Dallas, Texas 75219
(214) 741-2662
jbryan@mccathernlaw.com
khecker@mccathernlaw.com
Counsel for Defendants BINT Operations LLC,
LaShonda Moore, and Marlon Moore

Amanda Land
Jason Epperson
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
Amanda.Land@arkansasag.gov
Jason.Epperson@arkansasag.gov

                              */s/ Anne LeJeune*
                              ANNE LEJEUNE

13