IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

FEDERAL TRADE COMMISSION, and
STATE OF ARKANSAS, *ex rel.* TIM GRIFFIN,
ATTORNEY GENERAL                                          PLAINTIFFS

v.                      CASE NO. 4:21-cv-00518-KBG

BINT OPERATIONS LLC, a limited liability
company, LASHONDA MOORE, individually
and as an officer of BINT OPERATIONS LLC,
and MARLON DEADRE MOORE, formerly
known as as MARLON DEANDRE MAIDEN,
individually and as an officer of BINT
OPERATIONS LLC                                            DEFENDANTS

**STIPULATED MONETARY JUDGMENT FOR RESTITUTION, CIVIL PENALTIES,
AND OTHER RELIEF**

Plaintiffs, the Federal Trade Commission ("Commission") and the State of Arkansas ("Arkansas"), filed their Complaint for Permanent Injunction, Monetary Relief, and Other Relief (the "Complaint") in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, the Consumer Review Fairness Act of 2016 ("CRFA"), 15 U.S.C. § 45b, and the Arkansas Deceptive Trade Practices Act ("Arkansas DTPA"), Ark. Code § 4-88-101 *et seq*. The State of Arkansas and BINT Operations, LLC, Lashonda Moore, and Marlon Deandre Moore (collectively "Defendants") stipulate to the entry of this Stipulated Monetary Judgment for Restitution, Civil Penalties, and Other Relief (the "Monetary Judgment") to resolve all monetary claims brought by Arkansas. Additionally,

1

Arkansas and Defendants stipulate to the entry of the Order for Permanent Injunction and Other Relief ("Injunctive Order") in which the Commission is also a party. Arkansas and Defendants recognize that this Monetary Judgment has been negotiated in good faith, and that this Monetary Judgment is fair, reasonable, and in the public interest. Arkansas and Defendants stipulate that the entry of the Injunctive Order and the Monetary Judgment resolves all matters in dispute in this action between them.

Based upon the facts and matters before this Court, and with the consent of the parties to this Monetary Judgment, it is hereby **ORDERED, ADJUDGED, and DECREED:**

## I.     Definitions

1. Unless otherwise indicated, the terms used herein shall carry those definitions provided by the Arkansas DTPA and the Injunctive Order.

## II.     Jurisdiction

2. This Court has jurisdiction over this matter, Arkansas, and Defendants pursuant to Ark. Code Ann. § 16-4-101(B), the Fourteenth Amendment of the United States Constitution, the federal common law doctrine of pendent jurisdiction, and 28 U.S.C. § 1367, 28 U.S.C. § 1331, 1337(a), and 1345.

3. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(2) and (d).

4. For purposes of this Monetary Judgment, Defendants waive all objections and defenses that they may have to the jurisdiction or venue of the United States District Court for the Eastern District of Arkansas and shall not challenge the Court's jurisdiction in any subsequent action by the parties hereto to enforce the terms of this Monetary Judgment. Defendants reserve the right to object to jurisdiction or venue in any other subsequent action filed against them by the Attorney General or in any other matter filed by any third party.

### III. Parties

5. This Monetary Judgment applies to and is binding upon Arkansas and Defendants.

6. Any change of ownership or status of Defendants, including but not limited to, any transfer of assets of real or personal property, shall in no way alter Defendants' responsibilities under this Monetary Judgment.

7. All parties are entering into this Monetary Judgment for the purpose of compromising and resolving disputed claims within the meaning of Rule 408 of the Federal and Arkansas Rules of Evidence. It is expressly understood that nothing contained in this Monetary Judgment shall be construed as an admission by Defendants of any liability, wrongdoing, or factual or legal issue and this Monetary Judgment may not be used as evidence of liability. Defendants do not waive any defenses that they may raise elsewhere in other litigation.

### IV. The Attorney General's Position

8. Defendants conducted numerous violations of the Arkansas DTPA in connection with Defendants' operation and promotion of "Blessings in No Time" ("BINT")—an illegal pyramid promotional scheme.

9. Defendants took advantage of Arkansas consumers by promoting BINT as a legal way for African Americans to pay into a moneymaking membership program during the COVID-19 pandemic to earn returns as high as 800 percent.

10. While the BINT "blessing loom" chain-referral scheme purports to be a legitimate "link funding platform" or *sou sou*, BINT was actually an illegal pyramid promotional scheme that falsely promised risk-free lucrative monetary returns with rewards for recruiting new BINT "Members."

11. Lashonda and Marlon Moore (collectively, the "Moores") began operating, managing, and promoting BINT in June 2020 and BINT Ops in August 2020 from their home in Prosper Texas.

12. The Moores were in charge of all BINT and BINT Ops operations, including, but not limited to:

    a. Reviewing, promoting, and distributing all advertising and promotional materials such as the "BINT Bible," the "BINT 101: Community Resource Guide, and the BINT Membership Handbook;

    b. Managing and reviewing materials on the "BINTapp.com" website;

    c. Appearing in videos live videos for Members and Arkansas consumers to promote BINT, recruit new members, and make representations about BINT; and

    d. Responding to and directing BINT Ops' personnel, employees, and contractors to respond to consumer complaints and refund requests.

13. Defendants transacted business and solicited members throughout the United States, with at least 2,840 members residing in Arkansas; most members lost a minimum of $1,400 each.

14. Defendants violated Ark. Code Ann. § 4-88-107(a)(1) by knowingly making false representations to Arkansas consumers as to the benefits, approval, and certification of BINT. Defendants knowingly misrepresented that consumers would: 1) earn a substantial income; 2) not lose money; 3) receive a full refund upon request; and 4) be participating in a lawful moneymaking program.

15. Defendants violated Ark. Code Ann. § 4-88-108(a)(2) by concealing, suppressing, and omitting material facts with the intent that consumers rely upon the concealment,

4

suppression, or omission. Defendants concealed, suppressed, and omitted the fact that BINT was an unlawful pyramid scheme.

16. Defendants violated Ark. Code Ann. § 4-88-107(a)(10) by engaging in unconscionable, false, or deceptive acts or practices in business, commerce, or trade. Defendants deceived consumers into investing their money into a plan that functioned solely as an engine of fraud and utilized converted consumer funds to enrich themselves at the expense of consumers.

17. Defendants violated Ark. Code Ann. § 4-88-109(a) by operating and promoting BINT—an unlawful pyramid promotional scheme.

## V. The Defendants' Position

18. Defendants deny the legal and factual assertions contained in Section IV above, entitled "The Attorney General's Position."

19. This Consent Judgment does not constitute an admission by the Defendants of any fact or the existence or application of any law, regulation, or legal principle.

20. Defendants disclaim any liability or wrongdoing.

## VI. Relief

### A. Monetary Relief

21. All Civil Penalties and Restitution shall be delivered to the State of Texas in accordance with the Agreed Final Judgment and Permanent Injunction in Case No. 471-03088-2021 in the District Court of Collin County, Texas (the "Texas Judgment").

22. **"Restitution"**- Defendants are ordered to pay Two Million Five Hundred Thousand Dollars ($2,500,000) as Restitution and redress to consumers identified by complaints filed with the Arkansas Attorney General's Office, the Texas Attorney General's Office, Better Business Bureau, and/or the federal consumer Sentinel. Restitution will be collected and

administered in the manner set forth in the Texas Judgment. This Restitution is the same as referenced in the Texas Judgment and is not cumulative or separate. It is payable in accordance with the same terms as the Texas Judgment which are not altered by this Judgment in any way.

23. **"Arkansas's Costs and Fees"**- Defendants are ordered to pay Ten Thousand Dollars ($10,000) for Arkansas's litigation costs and fees. The payment shall be delivered to Chief Fiscal Officer, Arkansas Attorney General's Office, 323 Center Street, Suite 200, Little Rock, Arkansas 72201. The subject line must begin: Arkansas v. BINT Operations LLC et al., 4:21-CV-00518-KGB. A copy of the payment shall be contemporaneously delivered to Arkansas's counsel of record in this matter. These Arkansas's Costs and Fees are the same as referenced in the Texas Judgment and are not cumulative or separate. They are payable in accordance with the same terms as the Texas Judgment which are not altered by this judgment in any way.

24. **"Texas Attorneys' Fees and Claims Administration Costs Judgment Amount"**- As a condition of this Monetary Judgment, Defendants must satisfy the Fifty Thousand Dollar ($50,000.00) Texas Attorneys' Fees and Claims Administration Cost Judgment Amount ordered in the Texas Judgment.

25. **"Civil Penalties"**- Defendants are assessed suspended civil penalties under Ark. Code Ann. § 4-88-113(a)(3) in the amount of Seven Million Two Hundred Thousand Dollars ($7,200,000). Should Defendants violate any portion of this Monetary Judgment or the Injunctive Order, the suspended penalty shall become immediately due and payable. Upon a violation that calls for payment of a Civil Penalty, the total shall be allocated proportionately among Arkansas and Texas as directed by Plaintiff Arkansas and Texas. For the sake of clarity, these Civil Penalties are the same as referenced in the Texas Judgment and are not cumulative or

separate. They are payable in accordance with the same terms as the Texas Judgment which are not altered by this Judgment in any way.

26. **Civil Penalty for Materially Inaccurate or Incomplete Income and Asset Information-** If, at any time after the Effective Date of the Texas Judgment for a period of six (6) years, any Defendant is found by this Court to have materially misrepresented or failed to provide complete information to Arkansas, Texas, or the Commission, or otherwise materially misrepresented their assets regarding any assets in their possession, custody or control, or held for the benefit of any Defendant, including any assets in the name or held for the benefit(s) of any minor child of either Defendant (including but not limited to such funds contributed as "Blessings" in the course of promoting BINT), Defendant(s) shall be liable and ORDERED to PAY, instanter, an amount equal to the greater of triple the amount inaccurately reported or $1,000,000.00. Upon a violation that calls for payment of a Civil Penalty for Materially Inaccurate or Incomplete Income and Asset Information, the total shall be allocated equally between Arkansas and Texas as directed by Plaintiff Arkansas and Texas.

27. Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Monetary Judgment and may not seek the return of any assets.

28. Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

### VII. Miscellaneous Provisions

29. The facts alleged in the Complaint will be taken as true, without further proof, in

any subsequent civil litigation by or on behalf of Arkansas, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a complaint to obtain a determination of the dischargeability of the debt in any bankruptcy case. For the avoidance of doubt, in no circumstance will any allegations in the Complaint be taken as true or be admissible as evidence against Defendants in any criminal prosecution.

30. The facts alleged in the Complaint establish all elements necessary to sustain an action by Arkansas pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Monetary Judgment will have collateral estoppel effect for such purposes.

31. Defendants agree that the Monetary Judgment represents a civil penalty owed to Arkansas, is not compensation for actual pecuniary loss, and, therefore, as to the Individual Defendants, it is not subject to discharge under the Bankruptcy Code pursuant to 11 U.S.C. § 523(a)(7).

32. No Defendant shall be found to be in contempt for any breach or violation that is cured within 45 days of receipt of written notice.

33. The Monetary Judgment and Injunctive Order resolve and release all civil claims, causes of action, or proceedings which were or could have been asserted by Arkansas against Defendants relating to those practices alleged within the Complaint. This release shall not in any way limit the authority of the Attorney General to conduct such investigations as he deems advisable or to bring any enforcement action regarding alleged violations of law unrelated to his Complaint or occurring after the date of the Monetary Judgment and Injunctive Order. Also, the Attorney General is empowered to seek enforcement of any and all sections of the Monetary Judgment and Injunctive Order by appropriate petition to this Court.

34. Nothing in this Monetary Judgment shall be construed to deprive any person or entity not a signatory hereto of any private right of action of any kind whatsoever, nor shall this Monetary Judgment be construed to create any private right of action for any person or entity not a signatory hereto. This Monetary Judgment does not constitute an admission by Defendants of any fact or the existence or application of any law, regulation, or legal principle.

35. Nothing herein shall be construed as the endorsement of or acquiescence in, any trade practices of Defendants, past, current, or future; and Defendants shall make no representation to the contrary.

36. Nothing herein shall be construed as the admission by Defendants of any fact or the existence or application of any law, regulation, or legal principle applicable to Defendants; and Arkansas shall make no representations to the contrary.

37. This Monetary Judgment will be construed and enforced under the laws of the State of Arkansas and federal law where applicable.

38. This Monetary Judgment and the Injunctive Order are intended to complement and mirror the Texas Judgment and not to create any additional liability on Defendants. This Monetary Judgment and the Injunctive Order shall not be construed in any way that provides for a more severe result to Defendants. For the sake of clarity, the monetary relief ordered in this Monetary Judgment is not cumulative or duplicative of the judgment to be entered in the Texas Case as to such remedies to the State of Texas.

### VIII. ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of this Monetary Judgment:

39. Each Defendant, within 7 days of entry of this Monetary Judgment, must submit to Arkansas an acknowledgment of receipt of this Monetary Judgment sworn under penalty of perjury.

## IX. Signatories

40. Each undersigned representative of a party certifies that he or she is fully authorized to enter into the terms and conditions of this Monetary Judgment and legally bind such parties to its terms.

41. This Monetary Judgment is made and entered into by and between the parties hereto on this ___ day of _____, 2023.

**FOR PLAINTIFF STATE OF ARKANSAS:**

~~Jason Epperson~~ Kate Donoven    Date: July 19, 2023
Ark. Bar No. ~~2015083~~ 98189
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Phone: (501) 682-6491
Fax: (501) 682-8118
Email: ~~Jason.Epperson@ArkansasAG.gov~~
Kate.Donoven@ArkansasAG.gov

**FOR DEFENDANTS:**

_____    Date: July 6, 2023
Justin N. Bryan
McCathern PLLC
Texas Bar No. 24072006
3710 Rawlins Street, Suite 1600
Dallas, Texas 75219
(214) 741-2662
jbryan@mccathernlaw.com
COUNSEL for BINT OPERATIONS LLC,
LASHONDA MOORE,
MARLON DEANDRE MOORE

**DEFENDANTS:**

**BINT OPERATIONS LLC**

_/s/ Marlon Moore_                                   Date: 7/6/23

By: Marlon Deandre Moore, Individually, and
as a Owner of BINT OPERATIONS LLC

_/s/ LaShonda Moore_                                 Date: 7/6/23

By: LaShonda Moore, Individually, and
as a Owner of BINT OPERATIONS LLC

**LASHONDA MOORE**

_/s/ LaShonda Moore_                                 Date: 7/6/23

LaShonda Moore, Individually, and
as a Owner of BINT OPERATIONS LLC

**MARLON DEANDRE MOORE**

_/s/ Marlon Moore_                                   Date: 7/6/23

By: Marlon Deandre Moore, Individually, and
as a Owner of BINT OPERATIONS LLC

**IT IS SO ORDERED:**

Dated: August 28, 2023                               _Kristine G. Baker_

                                                     The Honorable Kristine Baker

Prepared By:

Jason Epperson
Ark. Bar No. 2015083

11

Office of the Arkansas Attorney General
323 Center Street, Suite 200
Phone: (501) 682-6491
Fax: (501) 682-8118
Email: Jason.Epperson@ArkansasAG.gov